| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF TEXAS |
| Case number *(if known)* _____  Chapter __11__ |

☐ Check if this an amended filing

Official Form 201
**Voluntary Petition for Non-Individuals Filing for Bankruptcy**  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Cutera, Inc.** |
|---|---|---|
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **77-0492262** |
| 4. | Debtor's address | **Principal place of business**  **3240 Bayshore Blvd.**  **Brisbane, CA 94005**  Number, Street, City, State & ZIP Code  **San Mateo**  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  _____  Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://cutera.com** |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

| Debtor | Cutera, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ✔ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3391__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ✔ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ✔ A plan is being filed with this petition.
  - ✔ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ✔ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ✔ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ✔ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **SEE ATTACHED RIDER** | Relationship | _____ |
|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 2

| Debtor | Cutera, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?** *Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☑ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities** (on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **Cutera, Inc.**                                          Case number (*if known*)
         Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __03/02/2025__
              MM / DD / YYYY

X   */s/ Taylor Harris*                                            **Taylor Harris**
    Signature of authorized representative of debtor                Printed name

    Title   **Chief Executive Officer**

**18. Signature of attorney**

X   __/s/ Tad A. Davidson II__                    Date   __03/05/2025__
    Signature of attorney for debtor                      MM / DD / YYYY

    **Timothy A. ("Tad") Davidson II**
    Printed name

    **HUNTON ANDREWS KURTH LLP**
    Firm name

    **600 Travis Street, Suite 4200**
    **Houston, Texas 77002**
    Number, Street, City, State & ZIP Code

    Contact phone   **(713) 220-4200**        Email address   **taddavidson@hunton.com**

    **24012503 TX**
    Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Cutera, Inc.

- Crystal Sub, LLC
- Cutera, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Cutera, Inc.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-[_____] ([___]) |

**ATTACHMENT TO VOLUNTARY PETITION FOR
NON-INDIVIDUALS FILING FOR BANKRUPTCY UNDER CHAPTER 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 000-50644.

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2024 (unaudited), except as set forth below.

   a. Total assets:                                                  $200,881,854

   b. Total debts (including debts listed in 2.c, below)             $480,459,932

   c. Debt securities held by more than 500 holders:                 N/A[2]

   d. Number of shares of preferred stock:                           N/A

   e. Number of shares of common stock:                              20,207,608
                                                                     (as of December 31, 2024)

   f. Comments, if any:                                              N/A

3. Brief description of Debtor's business: Cutera, Inc. provides aesthetic and dermatology solutions for medical practitioners worldwide. It develops, manufactures, and markets energy-based product platforms for medical practitioners; and distributes third-party manufactured skincare products.

---

[1] The last four digits of the Debtor's federal tax identification number is (2262). The Debtor's service address is 3240 Bayshore Boulevard, Brisbane, CA 94005-1021.

[2] Cutera, Inc. is unable to identify the precise number of beneficial holders of any publicly traded debt securities that it has issued.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>   Cutera, Inc.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 25-[_____] ([___]) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| N/A[1] | N/A |

---

[1] Cutera, Inc. is unable to identify the precise number of beneficial holders of any publicly traded debt securities that it has issued.  Based on public records, the Debtor does not believe that any entity owns, directly or indirectly, 10% or more of any class of the Debtor's equity interest

**Fill in this information to identify the case:**

Debtor name: Cutera, Inc. et al.

United States Bankruptcy Court for the Southern District of Texas

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION<br>DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>1 CALIFORNIA STREET<br>SUITE 1000<br>SAN FRANCISCO, CA 94111 | DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>PHONE: 415-677-3622<br>EMAIL: DAVID.JASON@USBANK.COM | 2028 UNSECURED NOTES | | | | $ 240,000,000.00 |
| 2 | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION<br>DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>1 CALIFORNIA STREET<br>SUITE 1000<br>SAN FRANCISCO, CA 94111 | DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>PHONE: 415-677-3622<br>EMAIL: DAVID.JASON@USBANK.COM | 2029 UNSECURED NOTES | | | | $ 120,000,000.00 |
| 3 | U.S. BANK NATIONAL ASSOCIATION<br>DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>1 CALIFORNIA STREET<br>SUITE 1000<br>SAN FRANCISCO, CA 94111 | DAVID JASON, CORPORATE TRUST SERVICES (CUTERA, INC.)<br>PHONE: 415-677-3622<br>EMAIL: DAVID.JASON@USBANK.COM | 2026 UNSECURED NOTES | | | | $ 69,125,000.00 |
| 4 | SILICON VALLEY BANK<br>DEKEL MAHATZRI, VP RELATIONSHIP MANAGER<br>3003 TASMAN DRIVE<br>SANTA CLARA, CA 94005 | DEKEL MAHATZRI, VP RELATIONSHIP MANAGER<br>PHONE: 502-210-8807<br>EMAIL: DMAHATZRI@SVB.COM | PPP LOAN | | | | $ 548,480.64 |
| 5 | CREATION TECHNOLOGIES LTD<br>LUCY LU<br>8999 FRASERTON CT<br>BURNABY, BC V5J 5H8<br>CANADA | LUCY LU<br>PHONE: 604-430-4336<br>EMAIL: LUCY.LU@CREATIONTECH.COM | TRADE DEBT | | | | $ 547,515.90 |
| 6 | INNOVATIVE MACHINING<br>TRANG VO<br>845 YOSEMITE WAY<br>MILPITAS, CA 95035 | TRANG VO<br>PHONE: 408-262-2270<br>FAX: 408-262-2355<br>EMAIL: TRANGVO@SBCGLOBAL.NET | TRADE DEBT | | | | $ 514,883.52 |
| 7 | CHUBB<br>C/O ALLIANT INSURANCE SERVICES, INC.<br>ATTN: MATTHEW L. COHN<br>2415 E. CAMELBACK ROAD<br>SUITE 950<br>PHOENIX, AZ 85016 | ATTN: MATTHEW L. COHN<br>PHONE: 602-707-1917<br>EMAIL: MCOHN@ALLIANT.COM | INSURANCE | | | | $ 394,909.02 |
| 8 | WILSON SONSINI GOODRICH ROSATI<br>AIMEE WILEY<br>650 PAGE MILL ROAD<br>PALO ALTO, CA 94304 | AIMEE WILEY<br>PHONE: 650-845-5995<br>FAX: 650-858-4462<br>EMAIL: AWILEY@WSGR.COM | PROFESSIONAL SERVICES | DISPUTED | | | $ 393,431.54 |
| 9 | CLASSYS INC<br>MINNIE GONG<br>208, TEHERAN-RO<br>GANGNAM-GU<br>SEOUL, 06220<br>SOUTH KOREA | MINNIE GONG<br>PHONE: +82-2-1544-3481<br>EMAIL: MINNIE@CLASSYS.COM | TRADE DEBT | | | | $ 282,500.00 |
| 10 | SIDLEY AUSTIN LLP<br>DEBRA GEOGHEGAN<br>ONE S. DEARBORN ST.<br>CHICAGO, IL 60603 | DEBRA GEOGHEGAN<br>PHONE: 212-839-5463<br>EMAIL: DGEOGHEGAN@SIDLEY.COM | PROFESSIONAL SERVICES | DISPUTED | | | $ 258,475.32 |
| 11 | VERITIV OPERATING COMPANY<br>KURT BEELER<br>6120 SOUTH GILMORE ROAD<br>FAIRFIELD, OH 45014 | KURT BEELER<br>PHONE: 925-321-8264<br>FAX: 510-477-7229<br>EMAIL: KURT.BEELER@VERITIVCORP.COM | TRADE DEBT | | | | $ 177,134.93 |
| 12 | ECLIPSE METAL FABRICATION<br>ADALBERTO CUEVAS<br>17700 SHIDELER PKWY<br>LATHROP, CA 95330 | ADALBERTO CUEVAS<br>PHONE: 650-298-8731<br>FAX: 650-298-8747<br>EMAIL: AL@ECLIPSEMF.COM | TRADE DEBT | | | | $ 173,431.10 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | AERONET WORLDWIDE INC<br>JOELLE BERG<br>850 MITTEN RD<br>BURLINGAME, CA 94010 | JOELLE BERG<br>PHONE: 650-589-2155<br>FAX: 650-259-2150<br>EMAIL: JBERG@AERONET.COM | TRADE DEBT | | | | $ 148,678.13 |
| 14 | PRO STAINLESS, INC.<br>SHANNON GOERSS<br>333 E BROKAW ROAD<br>SAN JOSE, CA 95112 | SHANNON GOERSS<br>PHONE: 408-437-0600<br>FAX: 408-283-1790<br>EMAIL: SGOERSS@PROSTAINLESS.COM | TRADE DEBT | | | | $ 132,076.63 |
| 15 | OXID CORPORATION<br>JANET CYLKOWSKI<br>25325 REGENCY DRIVE<br>NOVI, MI 48375 | JANET CYLKOWSKI<br>PHONE: 248-474-9817<br>FAX: 248-474-9277<br>EMAIL: JCYLKOWSKI@LASERMECH.COM | TRADE DEBT | | | | $ 112,385.00 |
| 16 | MICHELMAN & ROBINSON, LLP<br>MADISON DINI<br>717 TEXAS AVE<br>31ST FLOOR<br>HOUSTON, TX 77002 | MADISON DINI<br>PHONE: 281-339-4035<br>EMAIL: MDINI@MRLLP.COM | PROFESSIONAL SERVICES | | | | $ 106,941.97 |
| 17 | ADVANCED THIN FILMS<br>THOMAS MINETREE<br>1625 S FORDHAM ST<br>LONGMONT, CO 80503 | THOMAS MINETREE<br>PHONE: 303-815-1541<br>FAX: 720-652-9948<br>EMAIL: ATFAR@IDEXCORP.COM | TRADE DEBT | | | | $ 104,176.00 |
| 18 | VIGIENCE, INC.<br>ASAKO FUKUDA<br>201 MISSION ST<br>SUITE 1200<br>SAN FRANCISCO, CA 94105 | ASAKO FUKUDA<br>PHONE: 415-226-9867<br>EMAIL: FUKUDA@VIGIENCE.COM | TRADE DEBT | | | | $ 93,720.00 |
| 19 | STARFISH PRODUCT ENGINEERING US INC<br>DBA OMNICA, A STARFISH COMPANY<br>STACY RUSSELL<br>15560 ROCKFIELD BLVD<br>SUITE D<br>IRVINE, CA 92618 | STACY RUSSELL<br>PHONE: 949-472-0275<br>EMAIL: SRUSSELL@STARFISH.COM | TRADE DEBT | | | | $ 90,088.04 |
| 20 | NASDAQ, INC DBA THE NASDAQ STOCK MARKET, INC.<br>KIMBERLY HINES<br>ONE LIBERTY PLAZA<br>49TH FLOOR<br>NEW YORK, NY 10006 | KIMBERLY HINES<br>PHONE: 646-718-3489<br>EMAIL: ACCOUNTS.RECEIVABLE@NASDAQ.COM | TRADE DEBT | | | | $ 87,338.86 |
| 21 | CRYTUR USA INC<br>IRINA SHESTAKOVA<br>50 HUNT STREET<br>SUITE 303<br>WATERTOWN, MA 02472 | IRINA SHESTAKOVA<br>PHONE: 617-744-5335<br>EMAIL: IRINA.SHESTAKOVA@CRYTUR-USA.COM | TRADE DEBT | | | | $ 85,495.09 |
| 22 | LASER MATERIAL CORPORATION<br>CLARA WILLIAMS<br>12706 NE 95TH ST.<br>#102<br>VANCOUVER, WA 98682 | CLARA WILLIAMS<br>PHONE: 360-254-1480<br>FAX: 360-254-1480<br>EMAIL: CLARA@LASERMATERIALS.COM | TRADE DEBT | | | | $ 80,648.40 |
| 23 | KRISTEN GREEN AND GREGORY GREEN<br>C/O THE SUTTON LAW FIRM<br>ATTN: WILLIAM J. SUTTON<br>3660 STONERIDGE ROAD<br>SUITE D102<br>AUSTIN, TX 78746 | ATTN: WILLIAM J. SUTTON<br>PHONE: 512-900-5530<br>FAX: 855-900-5530<br>EMAIL: WILL@WILLSUTTONLAW.COM | LITIGATION CLAIM | CONTINGENT /<br>UNLIQUIDATED /<br>DISPUTED | | | UNLIQUIDATED |
| 24 | WALTER EZEIGBO, ADVANCED FAMILY & SPORTS MEDICINE PLLC<br>C/O SAMUEL OGBOGU, INC.<br>ATTN: SAMUEL O. OGBOGU, ESQ.<br>4311 WILSHIRE BOULEVARD<br>SUITE 308<br>LOS ANGELES, CA 90010 | ATTN: SAMUEL O. OGBOGU, ESQ.<br>PHONE: 213-624-1500<br>FAX: 323-433-7330<br>EMAIL: SOGBOGUINCLAW@AOL.COM | LITIGATION CLAIM | CONTINGENT /<br>UNLIQUIDATED /<br>DISPUTED | | | UNLIQUIDATED |
| 25 | WILDFLOWER AESTHETICS AND WELLNESS CLINIC, PLLC<br>C/O THE LANFEAR LAW FIRM, P.C.<br>ATTN: DANIEL W. LANFEAR<br>4040 BROADWAY<br>SUITE 510<br>SAN ANTONIO, TX 78209 | ATTN: DANIEL W. LANFEAR<br>PHONE: 210-824-9230<br>FAX: 210-824-7911<br>EMAIL: DAN@LANFEARLAW.NET | LITIGATION CLAIM | CONTINGENT /<br>UNLIQUIDATED /<br>DISPUTED | | | UNLIQUIDATED |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | MARY GAFFNEY, DO, MSPH, GAFFNEY HEALTHY SERVICES PA<br>C/O LAW OFFICES OF PAMELA A. HUNTER<br>ATTN: PAMELA A. HUNTER<br>715 EAST 5TH STREET<br>SUITE 106<br>CHARLOTTE, NC 28202 | ATTN: PAMELA A. HUNTER<br>PHONE: 704-376-7709<br>EMAIL: PAMELAHTMTERLAW@BELLSOUTH.NET | LITIGATION CLAIM | CONTINGENT / UNLIQUIDATED / DISPUTED | | | UNLIQUIDATED |
| 27 | LAVONDA TABRON<br>C/O LAW OFFICES OF PAMELA A. HUNTER<br>ATTN: PAMELA A. HUNTER<br>715 EAST 5TH STREET<br>SUITE 106<br>CHARLOTTE, NC 28202 | ATTN: PAMELA A. HUNTER<br>PHONE: 704-376-7709<br>EMAIL: PAMELAHTMTERLAW@BELLSOUTH.NET | LITIGATION CLAIM | CONTINGENT / UNLIQUIDATED / DISPUTED | | | UNLIQUIDATED |
| 28 | YU TONG TIFFANY LING<br>C/O HABERKORN & ASSOCIATES<br>ATTN: MATTHEW H. HABERKORN, ESQ.<br>336 BON AIR CENTER<br>SUITE 337<br>GREENBRAE, CA 94904 | ATTN: MATTHEW H. HABERKORN, ESQ.<br>PHONE: 650-268-8378<br>FAX: 650-332-1528<br>EMAIL: MATTHEWHABERKORN@MAC.COM | LITIGATION CLAIM | CONTINGENT / UNLIQUIDATED / DISPUTED | | | UNLIQUIDATED |
| 29 | TONYA CRAPO<br>C/O BURNEIKIS LAW, P.C.<br>ATTN: MONICA J. BURNEIKIS<br>66 FRANKLIN STREET<br>THIRD FLOOR<br>OAKLAND, CA 94607 | ATTN: MONICA J. BURNEIKIS<br>PHONE: 510-328-3238<br>EMAIL: MONICA@BURNEIKISLAW.COM | LITIGATION CLAIM | CONTINGENT / UNLIQUIDATED / DISPUTED | | | UNLIQUIDATED |
| 30 | ARTURO CORPUZ<br>C/O WILSHIRE LAW FIRM<br>ATTN: JUSTIN F. MARQUEZ<br>3055 WILSHIRE BLVD.<br>12TH FLOOR<br>LOS ANGELES, CA 90010 | ATTN: JUSTIN F. MARQUEZ<br>PHONE: 213-381-9988<br>FAX: 213-381-9989<br>EMAIL: JUSTIN.MARQUEZ@WILSHIRELAWFIRM.COM | LITIGATION CLAIM | CONTINGENT / UNLIQUIDATED / DISPUTED | | | UNLIQUIDATED |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Cutera, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/02/2025         X  /s/ Taylor Harris
                                     Signature of individual signing on behalf of debtor

                                     **Taylor Harris**
                                     Printed name

                                     **Chief Executive Officer**
                                     Position or relationship to debtor

Official Form 202               Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS WRITTEN CONSENT**
**OF THE BOARD AND SOLE MEMBER**
**IN LIEU OF A MEETING**

March 2, 2025

The undersigned being (a) each of the members of the board of directors (the "<u>Board</u>") of Cutera, Inc. ("<u>Parent</u>"), and (b) the sole member of Crystal Sub, LLC (together with Parent, each a "<u>Company</u>" and collectively, the "<u>Companies</u>") (together with the Board, each a "<u>Governing Body</u>" and collectively, the "<u>Governing Bodies</u>"), do hereby consent in writing, pursuant to applicable law, to the taking of the following actions and the adoption of the following resolutions:

WHEREAS: the Governing Bodies have reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the financial and liquidity situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS: the Governing Bodies have had the opportunity to consult with management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies;

WHEREAS: the Governing Bodies have reviewed and considered (i) the Companies' need to undertake the restructuring transactions set forth in that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, and together with all exhibits, schedules, and annexes thereto the "<u>Restructuring Support Agreement</u>"), (ii) that certain joint chapter 11 prepackaged plan of reorganization for the Companies, reflecting the terms set forth in the Restructuring Support Agreement (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>") and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>") under the provisions of the Bankruptcy Code in accordance with the milestones set forth in the Restructuring Support Agreement, (iii) commencement of solicitation of the Plan, (iv) entry into and performance under the DIP Documents, as defined herein, (v) entry into that certain equity backstop commitment agreement, substantially in the form provided to the Governing Bodies on or prior to the date hereof (as may be amended, modified, or supplemented from time to time, the "<u>Backstop Commitment Agreement</u>") and (vi) filing of a voluntary petition for relief for each Company under the Bankruptcy Code pursuant to applicable law and in accordance with the requirements of each Company's governing documents and applicable law, and have determined that it is in the best interests of the Companies, to enter into the Restructuring Support Agreement;

WHEREAS: the Companies have negotiated a $25 million superpriority senior secured debtor-in-possession credit facility (the "<u>DIP Facility</u>"), which would be used to fund the Companies' operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of the Companies' stakeholders in the ordinary course of business during the Chapter 11 Cases;

WHEREAS: the Governing Bodies have reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the DIP Facility;

WHEREAS: the Governing Bodies have been advised of the material terms of that certain Superpriority Senior Secured Debtor-in-Possession Credit Agreement, by and among the Companies, the

|  |  |
|---|---|
|  | financial institutions or other entities from time to time parties thereto as lenders(collectively, the "DIP Lenders"), Wilmington Savings Fund Society, FSB as administrative and collateral agent (the "DIP Agent") (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement"); |
| WHEREAS: | the Companies will obtain direct and indirect benefits from the DIP Credit Agreement and it is advisable and in the best interests of the Companies to enter into the DIP Credit Agreement and such other Loan Documents (as defined in the DIP Credit Agreement) as may be required pursuant to the DIP Credit Agreement, and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges, as applicable; |
| WHEREAS: | the Companies have negotiated the terms of the Restructuring Support Agreement outlining transactions to be effectuated through the Chapter 11 Cases; |
| WHEREAS: | the Governing Bodies have reviewed and considered presentations by management and the financial and legal advisors of the Companies regarding the Restructuring Support Agreement and the transactions contemplated therein; |
| WHEREAS: | the Governing Bodies have been advised of the material terms of the Restructuring Support Agreement; |
| WHEREAS: | the Companies will obtain benefits from the Restructuring Support Agreement and it is advisable and in the best interests of the Companies to enter into the Restructuring Support Agreement; |
| WHEREAS: | the Companies have negotiated the terms of the Backstop Commitment Agreement outlining transactions to be effectuated through the Chapter 11 Cases; |
| WHEREAS: | the Companies intend to effectuate a rights offering (the "Rights Offering"), pursuant to which the Companies will distribute to each eligible participant rights to subscribe for and acquire its shares of Reorganized Common Equity pursuant to the terms set forth in the Backstop Commitment Agreement and the related procedures set forth therein; |
| WHEREAS: | the Companies will obtain benefits from the Backstop Commitment Agreement and the Rights Offering, and it is advisable and in the best interests of the Companies to enter to the Backstop Commitment Agreement, including the Rights Offering, and to perform their obligations thereunder; |
| WHEREAS: | the Governing Bodies have had the opportunity to consult with the Companies' financial and legal advisors and review the chapter 11 preparation materials provided by the Companies' financial and legal advisors; and |
| WHEREAS: | the Governing Bodies have determined that it is in the Companies' best interest to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); |

NOW, THEREFORE, BE IT,

<u>The Plan, Disclosure Statement, Solicitation and Voluntary Petition for
Relief Under Chapter 11 of the Bankruptcy Code</u>

|  |  |
|---|---|
| RESOLVED: | that in the judgment of the Governing Bodies, the Companies shall be, and hereby are, authorized and directed to file, or cause to be filed, a voluntary petition for relief under the |

|  |  |
|---|---|
|  | provisions of chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States; |
| RESOLVED: | that the members of the Governing Bodies or any duly appointed officer of the Companies authorized by the Governing Bodies of the Companies to act on behalf of the applicable Companies (collectively, the "<u>Authorized Signatories</u>" and any one of them, an "<u>Authorized Signatory</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to: (i) execute and file on behalf of the Companies all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' business; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; |
| RESOLVED: | that in the business judgment of the Governing Bodies, it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest that the Companies commence solicitation of the Plan and, in accordance with the Bankruptcy Code requirements in each Companies' governing documents and applicable law, hereby consents to, authorizes, and approves, the commencement of solicitation of the Plan; |
| RESOLVED: | that in the business judgment of each Governing Body, it is desirable and in the best interest of the Companies, their creditors, and other parties in interest that the Authorized Signatories file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that the Governing Bodies deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; |
| RESOLVED: | that each Authorized Signatory be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in the Authorized Signatory's discretion, may deem necessary or desirable to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement; and |
| RESOLVED: | that each Authorized Signatory be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plans if confirmed by the Bankruptcy Court. |

<u>Restructuring Support Agreement</u>

|  |  |
|---|---|
| RESOLVED: | that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof; |

3

RESOVLED: that each of the Authorized Signatories be, and hereby is, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of the consummation of such agreement's terms;

### Retention of Professionals

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP;

RESOLVED: that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Hunton Andrews Kurth LLP, as local bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hunton Andrews Kurth LLP;

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as investment banker to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of Houlihan Lokey;

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of FTI Consulting, Inc. ("FTI Consulting") as financial advisor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of FTI Consulting;

RESOLVED: that the Authorized Signatories be, and they hereby are authorized and directed to employ Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, each of the Authorized Signatories is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate

| | |
|---|---|
| | retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Verita; |
| RESOLVED: | that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of BDO USA ("BDO") as auditor to the Companies to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of BDO; |
| RESOLVED: | that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; |

## Debtor-in-Possession Financing

| | |
|---|---|
| RESOLVED: | that the DIP Credit Agreement on terms substantially consistent with the transactions and documents contemplated therein (including, without limitation, the borrowings thereunder), and the guaranties, liabilities, obligations, and guarantees, liens, security interests, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Governing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies; |
| RESOLVED: | that, in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges; |
| RESOLVED: | that the Companies' execution and delivery of, and the performance of their obligations in the DIP Credit Agreement (including guarantees), are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, is hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, security agreements, guarantee agreements, certificates, instruments, agreements and intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, .pdf signature page, or printed as deemed necessary and preferable; |

RESOLVED: that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral of the DIP Secured Parties in accordance with the terms of the Interim Order, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), pursuant to a postpetition financing order on an interim and final basis, in each case, with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing and use of Cash Collateral in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED: that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and the other Financing Documents (as defined below), (b) the filing and recording of any uniform commercial code financing statements, intellectual property filings or any other document necessary to perfect each of the security interests contemplated in the DIP Credit Agreement and the other Financing Documents and (c) pledges of equity, be and hereby are, authorized, adopted, and approved, and (iii) any Authorized Signatory of the Companies is hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Governing Bodies, and such other agreements, guarantees, security documents, certificates, instruments, or other papers or documents to which the Companies are or will be a party or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve;

RESOLVED: that the Companies, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby are, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations;

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper,

6

or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents;

RESOLVED: that each of the Authorized Signatories be, and hereby is, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Companies' obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

<u>Backstop Commitment Agreement</u>

RESOLVED: that the form, terms, and provisions of the Backstop Commitment Agreement, and the transactions contemplated by the Backstop Commitment Agreement (including, without limitation, the issuance of Reorganized Common Equity thereunder and the Rights Offering), and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, if any, in connection therewith, be, and hereby are, authorized, adopted, and approved;

RESOLVED: in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, including the Rights Offering, subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder;

RESOLVED: that the Companies shall be, and hereby are, authorized to enter into the Backstop Commitment Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof;

RESOVLED: that each of the Authorized Signatories be, and hereby is, authorized and empowered to enter into, on behalf of the Companies, the Backstop Commitment Agreement, and to take any and all actions necessary or advisable in connection with the foregoing resolutions, in accordance with the terms of the Backstop Commitment Agreement and the transactions contemplated thereby, and to advance the Companies' rights and obligations therein, and in connection therewith (including, without limitation, the issuance of Reorganized Common Equity thereunder and the Rights Offering); each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Backstop Commitment Agreement on behalf of the Companies and to take all necessary actions in furtherance of the consummation of such agreement's terms and the transactions contemplated thereby and in connection therewith;

<u>General Authorizations</u>

RESOLVED: that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and

hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED: that the Governing Bodies received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, as applicable, or hereby waive any right to have received such notice;

RESOLVED: that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Governing Bodies;

RESOLVED: that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein;

RESOLVED: that that any actions taken by any Authorized Signatories (and their designees and delegates) prior to the date of these resolutions that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date of these resolutions be, and hereby are, authorized, ratified, confirmed, adopted and approved in all respects as the acts and deeds of the Companies.

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board and the sole member, as applicable, have executed this written consent as of the date first written above.

Board of Cutera, Inc.

By: _____*Taylor Harris*_____
Name: Taylor C. Harris
Title: Chief Executive Officer

By: _____*Kevin Cameron*_____
Name: Kevin J. Cameron
Title: Board Chairperson

By: _____*Nick Lewin*_____
Name: Nicholas S. Lewin
Title: Director

By: _____*Keith J. Sullivan*_____
Name: Keith J. Sullivan
Title: Director

By: _____*Paul Wierbicki*_____
Name: Paul Wierbicki
Title: Independent Director

Sole Member of Crystal Sub, LLC

By: _____*Taylor Harris*_____
Name: Taylor C. Harris
Title: Chief Executive Officer

*[Signature Page to Omnibus Written Consent]*