IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>   Cutera, Inc., *et al.*[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-90088 (ARP)<br><br>(Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO FILE A
CONSOLIDATED (A) CREDITOR MATRIX AND (B) TOP 30 CREDITORS LIST,
(II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS; (III) AUTHORIZING REDACTION OF CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; AND (IV) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 3:30 p.m. (prevailing Central Time) on March 6, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 6, 2025 at 3:30 p.m. (prevailing Central Time) in Courtroom 400, 515 Rusk Street, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Perez's conference room number is 282694. Video communication will be by use of the GoTo platform. Connect via the free GoTo application or click the link on Judge Perez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Perez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339). The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005-1021.

Cutera, Inc. ("Cutera") and Crystal Sub, LLC, the above-captioned debtors and debtors in possession (the "Debtors"), by and through undersigned proposed counsel, respectfully submit this motion (the "Motion") for entry of an order granting the relief described below.  In support hereof, the Debtors rely on the *Declaration of Taylor Harris, Chief Executive Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] filed concurrently herewith, and further represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 105(a), 362(d), 363(b), 507(a), 541, 1107(a), and 1108 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas.

## RELIEF REQUESTED

4. The Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"):   (a) authorizing the Debtors to file a consolidated (i) list of creditors (the "Consolidated Creditor Matrix") in lieu of submitting a separate mailing matrix for each Debtor and (ii) list of the Debtors' thirty (30) largest unsecured creditors (the Consolidated

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in the Motion or in the First Day Declaration, as applicable.

2

Top 30 Creditors List") in lieu of submitting a separate list for each Debtor; (b) waiving the requirement to file a list of and provide notice directly to the equity security holders of Debtor Cutera, Inc.; (c) authorizing the Debtors to redact certain personal identification information; and (d) granting related relief.

## BACKGROUND

5. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has yet been appointed in these chapter 11 cases.

6. Founded in 1998 and headquartered in Brisbane, California, the Debtors are a leading global provider of aesthetic and dermatology solutions for medical practitioners. The Debtors develop, manufacture and market products that enable safe and effective treatments for acne, skin resurfacing, hair removal, tattoo removal and more.

7. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

**I.   A CONSOLIDATED CREDITOR MATRIX IS APPROPRIATE AND SHOULD BEAPPROVED**

8. Pursuant to Bankruptcy Rule 1007(a)(1), a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F,

3

G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy involving more than one debtor in the Southern District of Texas, the filing of a consolidated creditor matrix by the lead Debtor is consistent with the Complex Case Procedures. Here, the preparation of separate lists of creditors for each Debtor would be of little incremental benefit (if any). Accordingly, the Debtors respectfully request authority to file a Consolidated Creditor Matrix for all of the Debtors on the lead case docket instead of uploading a separate file for each case to avoid duplicate notice.

## II. A CONSOLIDATED TOP 30 CREDITORS LIST IS APPROPRIATE AND SHOULD BE APPROVED

9. Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the twenty (20) largest unsecured claims in the Debtors' cases. Fed. R. Bankr. P. 1007(d). However, to provide the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and other parties in interest with a clear picture of the Debtors' creditor constituency and to comply with Section F of the Complex Case Procedures, the Debtors have prepared the Consolidated Top 30 Creditors List as opposed to a list of the twenty (20) largest unsecured creditors for each Debtor. Accordingly, the Debtors submit that filing a single consolidated list of the top thirty (30) largest unsecured creditors in these chapter 11 cases is appropriate.

## III. WAIVER OF THE REQUIREMENTS TO FILE A LIST OF AND TO PROVIDE NOTICE DIRECTLY TO CUTERA'S EQUITY SECURITY HOLDERS IS WARRANTED UNDER THE CIRCUMSTANCES OF THE CHAPTER 11 CASES

10. The Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after

4

the petition date, a list of the debtor's equity security holders. Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

11. The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity security holders should be waived as to Cutera in the chapter 11 cases. Cutera is a publicly traded company on Nasdaq, Inc. under the symbol "CUTR." Cutera does not maintain a list of its equity security holders and, therefore, must obtain the names and addresses of its shareholders from a securities agent. Further, the holders of such equity might have changed hands before the Petition Date. Accordingly, preparing and submitting such a list with last known addresses for each such equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the Debtors' estates or parties in interest.

12. Notwithstanding the above-referenced hurdles in noticing Cutera's equity security holders, the Debtors have taken or will take several actions to inform Cutera's equity security

holders of the commencement of the chapter 11 cases. With its petition, Cutera filed a list of persons and entities with significant holdings of its outstanding common stock. The Debtors will also issue a press release and Form 8-K announcing the commencement of the chapter 11 cases, to the extent not already done as of the date hereof. The Debtors have also established, through their proposed noticing and solicitation agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global, a publicly accessible case website at https://www.veritaglobal.net/cutera that provides information about these cases and all public filings free of charge.

13. Moreover, as soon as is practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Cutera's common stock (such registered holders collectively referred to as "Nominees") with instructions to forward such notices or copies thereof to the beneficial holders within seven days of the receipt by such Nominees. The Debtors will also publish notice of the filing of the chapter 11 cases in *The New York Times* and post notice of the filing to Depository Trust Company's Legal Notice System (LENS), which is accessible by Nominees. To the extent Nominees incur out-of-pocket expenses in connection with distribution of such notices, the Debtors request authority to reimburse such entities for their reasonable and customary expenses incurred in connection therewith. In light of the above, the Debtors respectfully request that the requirements to file a list of, and to provide notice directly to, all Cutera's equity security holders (other than registered holders of Cutera's common stock) be waived.

**IV. CAUSE EXISTS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN THE CONSOLIDATED CREDITOR MATRIX AND CONSOLIDATED TOP 30 CREDITORS LIST**

14. Bankruptcy Local Rule 9037-1 acknowledges that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the Court," and, "[i]n those instances," provides that "(i) the document may be

filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 [sic] does not apply." BLR 9037-1(b).  As a result, the Debtors believe that they already have the authority to redact personal identifying information from documents filed with the Court in the chapter 11 cases.  Nevertheless, out of an abundance of caution, the Debtors respectfully seek entry of an order authorizing the redaction of personal identifying information from any document filed or to be filed with the Court in the chapter 11 cases, so as to protect individuals and to prevent the Debtors from potentially violating applicable data privacy laws or regulations.

15. The Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information.  11 U.S.C. § 107(c).

16. Specifically, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> A.  Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> B.  Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

17. Out of an abundance of caution, the Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the chapter 11 cases, including the Consolidated Creditor Matrix and, if filed, any schedules of

assets and liabilities and statements of financial affairs, the email addresses and home addresses of any of the Debtors' individual creditors including the Debtors' employees, directors, independent contractors, equity security holders, former directors and former employees, to the extent applicable, to ensure the Debtors are not exposed to potential civil liability and significant financial penalties.[3]

18. In addition, such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. Accordingly, to mitigate the risk of such harms, numerous courts have authorized the same or similar relief requested herein, including this Court.[4]

19. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to this Court, the U.S. Trustee, counsel to any statutory committee appointed in the chapter 11 cases, and other parties in interest upon reasonable request (email being sufficient) to the Debtors or this Court that is reasonably related to these chapter 11 cases.

20. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to 11 U.S.C. § 107(c)(1) personally identifiable information—including email addresses and home addresses—where such information has been listed on the Consolidated

---

[3] For example, in California, the California Consumer Privacy Act of 2018 provides individuals domiciled in California the right to request their collected personal information to be deleted by entities subject to the regulation, where violators are subject to injunctions and penalties up to $7,500 per violation. Further, foreign jurisdictions have enacted privacy protection regulations such as the United Kingdom and European Union General Data Protection Regulation which imposes significant constraints on the processing of information relating to identified or identifiable individuals.

[4] *In re Instant Brands Acquisition Holdings*, No. 23-90716 (DRJ) (Bankr. S.D. Tex. June 13, 2023) [Docket No. 87]; *In re Orbital Infrastructure Group, Inc.*, No. 23-90763 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2023) [Docket No. 48]; *In re SmileDirectClub, Inc.*, No. 23-90786 (CML) (Bankr. S.D. Tex. Oct. 2, 2023) [Docket No. 70]; *In re Robertshaw US Holding Corp.*, No. 24-90052 (CML) (Bankr. S.D. Tex., Feb. 15, 2024) [Docket No. 101]; *In re The Container Store Group, Inc.*, No. 24-90627 (ARP) (Bankr. S.D. Tex., Dec. 23, 2024) [Docket No. 73].

Creditor Matrix or any other document filed with this Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses.

## EMERGENCY CONSIDERATION

21. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003(b), which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

22. The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the United States Attorney's Office for the Southern District of Texas; (c) the holders of the thirty (30) largest unsecured claims against the Debtor; (d) the state attorneys general for all states in which the Debtor conducts business; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) U.S. Bank Trust National Association, indenture trustee for the 2026 Senior Notes, 2028 Senior Notes and 2029 Senior Notes; (h) Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel to the Ad Hoc Committee of Consenting Senior Noteholders, and Porter Hedges LLP, co-counsel to the Ad Hoc Committee of Consenting Senior Noteholders; (i) banks and financial institutions where the Debtor

maintains accounts; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

...

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of the Order substantially in the form annexed hereto granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 5, 2025
       Houston, Texas

**HUNTON ANDREWS KURTH LLP**

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Catherine A. Rankin (TX Bar No. 24066008)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: taddavidson@hunton.com
      pguffy@hunton.com
      catherinerankin@hunton.com

**ROPES & GRAY LLP**

Ryan Preston Dahl (*pro hac vice* admission pending)
Conor P. McNamara (*pro hac vice* admission pending)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email: ryan.dahl@ropesgray.com
      conor.mcnamara@ropesgray.com

**ROPES & GRAY LLP**

Natasha S. Hwangpo (*pro hac vice* admission pending)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: natasha.hwangpo@ropesgray.com

*Proposed Co-Counsel to the Debtors in Possession*

11

## **CERTIFICATE OF SERVICE**

I certify that on March 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II