**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc., *et al.*[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING DEBTORS TO FILE A
CONSOLIDATED (A) CREDITOR MATRIX AND (B) TOP 30 CREDITORS LIST,
(II) WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS; (III) AUTHORIZING REDACTION OF CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; AND (IV) GRANTING RELATED RELIEF**
(Related Docket No. _____)

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") for entry of an order (i) authorizing the Debtors to file (a) the

Consolidated Creditor Matrix and (b) the Consolidated Top 30 Creditors List, (ii) waiving the

requirement to file a list of and provide notice directly to the equity security holders of Debtor

Cutera, Inc., (iii) authorizing the Debtors to redact certain personal identification information and

(iv) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed

the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. § 1334; and this Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a

final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005-1021.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

§§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.       The Debtors are authorized to submit the Consolidated Creditor Matrix. The requirements of section 521(a)(1)(A) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) that separate mailing matrices and lists of creditors be submitted for each Debtor are waived.

2.       The Debtors are authorized to file the Consolidated Top 30 Creditors List in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

3.       The requirement that Debtor Cutera, Inc. file a list of its equity security holders pursuant to Bankruptcy Rule 1007(a)(3) is waived.

4.       The Debtors shall comply with the requirements set forth in Bankruptcy Rule 2002(d) to the extent reasonably practicable.  The Debtors, to the extent reasonably practicable, are authorized, but not directed, to serve the notices required under Bankruptcy Rule 2002(d) on the Nominees of Debtor Cutera, Inc.'s equity securities, and to the extent they are known, on beneficial holders through the appropriate Nominee, to the extent a beneficial equity holder holds such equity interest through such Nominee.  Nominees are required to forward such notices or copies thereof to the beneficial holders within seven days of the receipt by such Nominee.  To the extent the Nominees incur out-of-pocket expenses in connection with distribution of such notices, the Debtors are authorized, but not directed, to reimburse such entities for their reasonable and customary expenses incurred in this regard.  To the extent that the Debtors serve beneficial holders directly, in accordance with the customary requirements of a Nominee,

the Debtors are authorized to send the applicable notices to beneficial holders in paper format via first class mail or via electronic transmission in accordance with the customary requirements of each Nominee.

5.      The Debtors are authorized, but not directed, to redact all personally identifiable information of individuals or any other natural person on the Creditor Matrix, Schedules, and Statements (if any), or other documents filed with the Court.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules, and Statements (if any), and any other filings redacted pursuant to this Order to (x) the Court, the U.S. Trustee, and counsel to any official committee appointed in the chapter 11 cases and (y) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to the chapter 11 cases; *provided*, *that* any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the Court and the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  The rights of all parties in the chapter 11 cases to object to the relief set forth in this paragraph, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

6.      Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtors are authorized to facilitate service of process through the Debtors' claims and noticing agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this

Order and arrange for reimbursement of expenses on account of such service with said party in interest.

7.      Nothing in this Order authorizes the redaction of any information required to be provided on the Top 30 Creditors List.

8.      The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025

                                                              _____
                                                              UNITED STATES BANKRUPTCY JUDGE