United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 06, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) SCHEDULING A COMBINED HEARING ON (A) ADEQUACY OF
DISCLOSURE STATEMENT AND (B) PLAN CONFIRMATION; (II) FIXING
DEADLINES RELATED TO DISCLOSURE STATEMENT APPROVAL AND PLAN
CONFIRMATION; (III) APPROVING (A) SOLICITATION PROCEDURES, (B) FORM
AND MANNER OF COMBINED HEARING NOTICE AND OBJECTION DEADLINE,
AND (C) NOTICE OF NON-VOTING STATUS AND OPT-OUT OPPORTUNITY;
(IV) CONDITIONALLY (A) APPROVING DISCLOSURE STATEMENT,
(B) DIRECTING THE  UNITED STATES TRUSTEE NOT TO CONVENE SECTION
341 MEETING OF CREDITORS, AND (C) WAIVING REQUIREMENTS OF
FILING STATEMENTS OF FINANCIAL AFFAIRS, SCHEDULES OF ASSETS
AND LIABILITIES, AND 2015.3 REPORTS; AND (V) GRANTING RELATED RELIEF**

(Relates to Docket No. 8)

Upon the emergency motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors

in possession (collectively, the "<u>Debtors</u>") for the entry of an order (this "<u>Order</u>"):

    (a)    scheduling the Combined Hearing on the adequacy of the Disclosure
Statement and confirmation of the Plan;

    (b)    establishing deadlines by which (i) parties in interest may file an objection
to the Plan or Disclosure Statement (the "<u>Objection Deadline</u>"), (ii) holders
of allowed claims in the Voting Class may vote to accept or reject the Plan

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>"), filed substantially contemporaneously herewith and a copy of which is attached as <u>Exhibit A</u> to the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be amended supplemented, or modified from time to time, the "<u>Disclosure Statement</u>"), also filed substantially contemporaneously herewith.

(the "Voting Deadline"); and (iii) Holders of Claims against or Interests in the Debtors may opt-out of the Third-Party Releases provided in the Plan (the "Opt-Out Deadline");

(c)     approving the form and manner of (i) notice of commencement of these chapter 11 cases and the Combined Hearing (the "Combined Hearing Notice"), (ii) publication notice of the commencement of these chapter 11 cases and the Combined Hearing (the "Publication Notice"), (iii) the notice to be provided to Holders of Claims and Interests in Non-Voting Classes (the "Notice of Non-Voting Status"), and (iv) the form by which Holders of Claims and Interests in Non-Voting Classes may opt-out of the Third-Party Releases (the "Opt-Out Forms");

(d)     approving the Solicitation Procedures used in connection with the Debtors' solicitation of the Plan prior to and after the Petition Date, including the Ballots;

(e)     conditionally approving the Disclosure Statement;

(f)     conditionally directing that no 341 Meeting be noticed or convened and waiving the requirement of the Debtors to file Schedules, SOFAs, and 2015.3 Reports within the first sixty (60) days following the Petition Date; and

(g)     granting related relief;

all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their creditors, estates, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having heard statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

2

and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement on a final basis and confirmation of the Plan) will be held before the Honorable Alfredo R. Perez, United States Bankruptcy Judge, in Room 400 of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston Texas on **April 16, 2025 at 4:00 p.m. (prevailing Central Time).**  The Combined Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or the filing of a notice or a hearing agenda in the chapter 11 cases.

2.      The Confirmation Schedule, as provided in the table below, is hereby approved:

| PROPOSED SOLICITATION AND CONFIRMATION TIMELINE | |
|---|---|
| **Event** | **Date** |
| Voting Record Date | March 3, 2025 |
| Commencement of Prepetition Solicitation of Eligible Holders of Class 3 | March 4, 2025 |
| Petition Date | March 5, 2025 |
| Commencement of Postpetition Solicitation of Class 3 | March 7, 2025 |
| Deadline to (1) Complete Solicitation, (2) Mail Combined Hearing Notice, (3) Complete Publication Notice | March 12, 2025 |
| Plan Supplement Filing Deadline | April 2, 2025 |
| Confirmation Order Filing Deadline | April 2, 2025 |
| Voting Deadline | April 9, 2025 at 4:00 p.m. (prevailing Central Time) |
| Opt-Out Deadline | April 9, 2025 at 4:00 p.m. (prevailing Central Time) |
| Deadline to File Objections to Plan Confirmation | April 9, 2025 at 4:00 p.m. (prevailing Central Time) |
| Deadline to File (1) Reply to Plan Objections, (2) Brief in Support of Plan Conformation, (3) Declarations in Support of Plan Confirmation, and (4) Voting Certification | April 15, 2025 at 12:00 p.m. (prevailing Central Time) |

3

| PROPOSED SOLICITATION AND CONFIRMATION TIMELINE | |
|---|---|
| **Event** | **Date** |
| Combined Hearing | April 16, 2025 at 4:00 p.m. (prevailing Central Time) |

3.      Any responses or objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Clerk of the Court no later than **the Objection Deadline, 4:00 p.m. (prevailing Central Time) on April 9, 2025; and (v) be served on the Notice Parties on or before the Objection Deadline.  Any objections that fail to comply with the requirements set forth in this Order may not be considered and may be overruled.**

4.      The Debtors are required to file the Plan Supplement on or before **April 2, 2025** or such date that is seven (7) days prior to the Objection Deadline; *provided* that such Plan Supplement may be amended, supplemented, or otherwise modified from time to time in accordance with the Plan and Confirmation Order up to and including the Effective Date.  The Debtors are required to file the proposed Confirmation Order on or before **April 2, 2025**, or such date that is seven (7) days prior to the Objection Deadline; *provided, however*, that the Debtors reserve the right to file a revised proposed Confirmation Order at any time prior to the Combined Hearing.

5.      The Debtors may file any briefs in support of confirmation of the Plan or reply briefs in response to any objections by **April 15, 2025 (prevailing Central Time)**.

6.      The Debtors are authorized to combine the notice of commencement of these chapter 11 cases with the Combined Hearing Notice and the Combined Hearing Notice shall be deemed good and sufficient notice of commencement of these chapter 11 cases.

4

7.      Notice of the Combined Hearing as proposed in the Motion and the form of the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit A**, shall be deemed good and sufficient notice of the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan and no further notice need be given. The Debtors shall cause the Solicitation Agent to mail a copy of the Combined Hearing Notice to the parties set forth in the Motion within four (4) business days of the entry of this Order.

8.      The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit D**, the General Opt-Out Form, substantially in the form attached hereto as **Exhibit E-1**, and the Class 7 Equity Street Holder Opt-Out Form, substantially in the form attached hereto as **Exhibit E-2**, are hereby approved, and the Debtors are authorized to mail the Notice of Non-Voting Status, Opt-Out Forms, and Combined Hearing Notice (collectively, the "Non-Voting Materials") to Holders of Claims and Interests in the Non-Voting Classes, in accordance with the terms of this Order, in lieu of sending such Holders copies of the Disclosure Statement and the Plan, provided that the Debtors need not provide the Non-Voting Materials to Holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests.  Any requirements under the Bankruptcy Rules, including Bankruptcy Rule 3017(d), or the Bankruptcy Local Rules, to transmit copies of the Disclosure Statement and Plan to Holders of Claims and Interests in the Non-Voting Classes are hereby waived with respect to such Holders.  The Debtors are authorized, without further approval of the Court, to make non-substantive modifications to the Notice of Non-Voting Status and the Opt-Out Forms.

9.      The Debtors are authorized, but not directed, to provide the Nominees with sufficient copies of the Combined Hearing Notice to forward to the beneficial Holders of Class 3

Senior Notes Claims.  Nominees are required to forward the Combined Hearing Notice or copies thereof to the beneficial Holders of Class 3 Senior Notes Claims within five (5) days of the receipt by such Nominee of the Combined Hearing Notice.  To the extent Nominees incur out-of-pocket expenses in connection with distribution of the Combined Hearing Notice, the Debtors are authorized, but not directed, to reimburse such entities for their reasonable and customary expenses incurred in this regard.

10.     The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(*l*), to give supplemental Publication Notice of the Combined Hearing and Objection Deadline (in a form substantially similar to the Combined Hearing Notice) in the national edition of *The New York Times*, and any other publications the Debtors deems necessary in their sole discretion, which Publication Notice, substantially in the form attached hereto as **Exhibit B**, shall constitute good and sufficient notice of the Combined Hearing and the Objection Deadline (and related procedures) to persons who do not receive notice of the Combined Hearing by mail.

11.     The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law and are approved.

12.     The Class 3 Beneficial Holder Ballots, substantially in the form attached hereto as **Exhibit C-1** and the Class 3 Master Ballots, substantially in the form attached hereto as **Exhibit C-2** are herby approved.  The Debtors are authorized, without further approval of the Court, to make non-substantive modifications to the Ballots.

13.     To the extent that section 1125(b) of the Bankruptcy Code requires the Debtors' postpetition solicitation of acceptances for the Plan to be pursuant to an approved disclosure

statement, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code without prejudice to any party in interest objecting to the Disclosure Statement at the Combined Hearing as not containing adequate information as required by section 1125.

14.     Upon request by the Debtors, all Nominees (or their agents) responsible for Class 3 Master Ballots shall provide unredacted copies of the corresponding Class 3 Beneficial Holder Ballots to the Debtors or the names and contact information of the beneficial Holder if no Class 3 Beneficial Holder Ballots are available.

15.     The Debtors are authorized to continue solicitation of votes on the Plan from Eligible Holders of Class 3 Senior Notes Claims and to solicit votes on the Plan from the remaining Holders of Class 3 Senior Notes Claims as set forth in the Motion.  The procedures for such solicitation set forth in the Motion, including, without limitation, the Voting Deadline and Opt-Out Deadline of **April 9, 2025 at 4:00 p.m.  (prevailing Central Time)**, are hereby approved.

16.     The procedures used for tabulation of votes to accept or reject the Plan as set forth in the Motion and as described in the Ballots are approved.

17.     The U.S. Trustee shall not schedule the 341 Meeting before sixty days after Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, however, that if the Plan is confirmed by this Court on or before sixty days after Petition Date, the requirement to schedule the 341 Meeting shall be waived.

18.     The time by which the Debtors must file SOFAs, Schedules, and 2015.3 Reports shall be extended until sixty days after the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided*, however, that if the Plan is confirmed by this Court on or before sixty days after Petition Date, the requirement to file SOFAs, Schedules, and 2015.3

Reports in the Debtors' chapter 11 cases shall be waived.  The Debtors, with the consent of the U.S. Trustee, may further extend the deadline to file SOFAs, Schedules, and 2015.3 Reports without further order of this Court.

19.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

21.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

22.      The Debtors and the Solicitation Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

24.      All time periods set forth in this Order shall be deemed to meet the statutory requirements or are hereby altered in accordance with Bankruptcy Rule 9006(a).

25.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Signed: March 06, 2025

Alfredo R Pérez
United States Bankruptcy Judge

## EXHIBIT A

**Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT
OF PREPACKAGED CASES UNDER CHAPTER 11
OF THE BANKRUPTCY CODE, (II) COMBINED HEARING
ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE
"PREPACKAGED" CHAPTER 11 PLAN, AND RELATED MATTERS,
AND (III) OBJECTION DEADLINES ANDSUMMARY OF PREPACKAGED
CHAPTER 11 PLAN TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF:**

| Cutera, Inc. | Case No. 25-90088 |
|---|---|
| Crystal Sub, LLC | Case No. 25-90087 |

On March 5, 2025 (the "Petition Date"), Cutera, Inc. and Crystal Sub, LLC (together, the "Debtors"), commenced cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On the Petition Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time, the "Plan") [Docket No. 7], attached as Exhibit A to the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") [Docket No. 6].[2] On [●], 2025, the Bankruptcy Court entered the *Order (I) Scheduling a Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Plan Confirmation; (II) Fixing Deadlines Related to Disclosure Statement Approval and Plan Confirmation; (III) Approving (A) Solicitation Procedures, (B) Form and Manner of Combined Hearing Notice and Objection Deadline, and (C) Notice of Non-Voting Status and Opt-Out Opportunity, (IV) Conditionally (A) Approving Disclosure Statement, (B) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors, and (C) Waiving Requirements of Filing of Statements of Financial Affairs Schedules of Assets and Liabilities, and 2015.3 Reports; and (V) Granting Related Relief* [Docket No. [●]] (the "Scheduling Order").

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339). The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.

The Plan implements the terms of a Restructuring Support Agreement, dated as of March 4, 2025 (as may be amended, modified, or supplemented, the "Restructuring Support Agreement"), which the Debtors entered into with the beneficial holders of approximately 74% of the Debtors' unsecured convertible senior notes due in 2026, 2028, and 2029 in the aggregate (the "Consenting Senior Noteholders"). The Restructuring Support Agreement is the result of extensive good faith and arm's length negotiations among the Debtors and the Consenting Senior Noteholders. Among other things, the Restructuring Support Agreement obligates the Consenting Senior Noteholders to vote to accept and support the Debtors' "prepackaged" Plan and restructuring.

The primary purpose of the Plan is to implement a financial restructuring transaction that substantially deleverages the Debtors' balance sheet and provides for (i) a $35 million new money capital facility from certain of the Consenting Senior Noteholders—with $25 million in the form of a debtor-in-possession term loan facility and $10 million term loan facility to be provided on the Effective Date, as well as (ii) a $30 million equity rights offering, fully backstopped by certain of the Consenting Senior Noteholders. **Importantly, the Plan provides for the satisfaction of all trade, customer, supplier, employee, and other non-funded debt claims in full in the ordinary course of business**. The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, additional costs, and, ultimately, would jeopardize recoveries for Holders of Allowed Claims. The Debtors will continue to operate in the normal course and their business operations will not be disrupted by the restructuring process. The Debtors will have adequate liquidity to meet their financial obligations to vendors and suppliers and expect to continue making payments to these parties without interruption.

This notice sets forth information regarding the Plan and the treatment of Claims and Interests thereunder, key dates and deadlines regarding the Plan and the Disclosure Statement, and certain other relevant information.

<u>**Key Terms of the Plan**</u>

The Plan provides, among other things, that upon the Effective Date:

- **All outstanding and undisputed General Unsecured Claims against the Debtors will be unimpaired and unaffected by the Chapter 11 Cases and will be paid in full in cash or reinstated and satisfied in the ordinary course of business in accordance with the terms and conditions of the particular transaction giving rise to such claim**;

- All Priority Tax Claims shall be treated in accordance with section 1129(a)(9)(C) of the Bankruptcy Code;

- All Other Secured Claims and Other Priority Claims will be paid in full in cash, or receive such other customary treatment that renders such Claims unimpaired under the Bankruptcy Code;

- Each Holder of a Senior Notes Claim shall receive <u>either</u>:

  - (1)(A) its Pro-Rata Share of 100% of the Reorganized Common Equity, subject to dilution from the Equity Rights Offering, the Put Option Premium, and Management Incentive Plan; and (B) the right to participate in the Equity Rights Offering for its Pro-Rata Share of the Non-Holdback Rights Offering Amount ((A) and (B), collectively, the "Senior Notes Claim Equity Recovery"); or

- (2) if such Holder of an Allowed Senior Notes Claim elects to participate in the Common Equity Convenience Buyout (the "Senior Notes Claim Cash Option"), in lieu of all of its Senior Notes Claim Equity Recovery, (A) Cash in an amount (the "Senior Notes Claim Cash Amount") equal to the product of the Common Equity Convenience Buyout Share Price times the number of shares of Reorganized Common Equity such Holder was entitled to receive pursuant to clause (A) of the Senior Notes Claim Equity Recovery (the "Cash-Out Shares"), with the number of Cash-Out Shares of such Holder subject to reduction on a *pro rata* basis to ensure the aggregate Senior Notes Claim Cash Amount does not exceed the Common Equity Convenience Buyout Cap (the "Cash-Out Reduction") and (B) to the extent the Cash-Out Reduction occurs, shares of Reorganized Common Equity equal to the number of Cash-Out Shares of such Holder that were reduced in accordance with the Cash-Out Reduction;

- *provided* that only those Holders which vote to accept the Plan are eligible to exercise the Senior Notes Claim Cash Option, absent the consent of the Debtors and the Required Consenting Senior Noteholders; and

- All Existing Equity Interests will be extinguished.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | Senior Notes Claims | Impaired | Entitled to Vote |
| Class 4 | General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 5 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| Class 6 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| Class 7 | Existing Common Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 8 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

## Key Dates and Information Regarding Confirmation of the Plan

On March 4, 2025, the Debtors commenced solicitation of votes on the Plan from certain Eligible Holders of Class 3 Senior Notes Claims and will continue solicitation of all Holders of Class 3 Senior Notes Claims following entry of the Scheduling Order, in accordance with section 1125 of the Bankruptcy Code and within the meaning of section 1126 of the Bankruptcy Code.

**Voting Record Date**. The voting record date was March 3, 2025, which was the date used for determining which Holders of Claims in Class 3 (the "Voting Class") were entitled to vote on the Plan.

**Voting Deadline**. The deadline for a Holder of a Claim in the Voting Class to vote to accept or reject the Plan is **April 9, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Voting Deadline"). For a vote to count, it must be underlined actually received by Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "Claims and Noticing Agent") by the Voting Deadline.  Any vote to accept or reject the Plan received by the Claims and Noticing Agent after the Voting Deadline may count only in the Debtors' sole discretion.

**Objection Deadline**. Any responses or objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan (each, an "Objection") must be filed with the Clerk of the Bankruptcy Court no later than **4:00 p.m. (prevailing Central Time) on April 9, 2025** (the "Objection Deadline"). Further, any Objection must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned or beneficially owned by such entity or individual; (d) state with particularity the legal and factual bases for such Objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such Objections, and (e) be served on the Notice Parties on or before the Objection Deadline. **Any Objection that fails to comply with the requirements set forth in the Scheduling Order may not be considered and may be overruled.**

**Opt-Out Deadline**. Please be advised that the Plan contains release, exculpation, and injunction provisions, including third-party releases, as described in further detail below. The deadline to elect to opt-out of the third-party releases is **April 9, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Opt-Out Deadline").  All Holders of Claims or Interests who do not opt-out of the third-party releases on or prior to the Opt-Out Deadline will be considered "Releasing Parties" and will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the third-party releases and the discharge of all claims and causes of action against the Debtors.  Instructions on how to opt-out of the third-party releases are provided below as well as in any "Ballot" or "Notice of Non-Voting Status and Opt-Out Form" that you are receiving along with this notice.

**Combined Hearing**. A combined hearing to consider the approval of the Disclosure Statement and any objections thereto and to consider confirmation of the Plan and any objection thereto will be held before the Honorable Alfredo R. Perez, United States Bankruptcy Judge, in Courtroom 400, 515 Rusk Street, Houston, Texas 77002, on **April 16, 2025 at 4:00 p.m. (prevailing Central Time)** (the "Combined Hearing").  Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.  The Debtors expect to meet the requirements for confirmation of the Plan and to emerge from bankruptcy shortly after the Combined Hearing.

**Where May Interested Parties Obtain Copies of the Plan and Disclosure Statement**

Copies of the Plan, Disclosure Statement, Restructuring Support Agreement, and related documents are available (a) for a fee via PACER at https://pacer.uscourts.gov/ (PACER login required); (b) for free at the Clerk of the Bankruptcy Court, 5th Floor, 515 Rusk Street, Houston, Texas 77002, between the hours of 8:00 a.m. and 4:00 p.m., (prevailing Central Time); or (c) for free via the Debtors' restructuring website, https://www.veritaglobal.net/cutera, maintained by the Debtors' Claims and Noticing Agent.

**Meeting of Creditors Pursuant to Section 341**

The Bankruptcy Court has ordered that the U.S. Trustee shall **not** schedule a meeting of creditors pursuant to section 341 of the Bankruptcy Code before May 5, 2025, and if the Plan is confirmed on or before May 5, 2025, the requirement to schedule such a meeting shall be waived.

**Key Terms Relating to Assumption of Executory Contracts and Unexpired Leases**

> **ARTICLE V** OF THE PLAN CONTAINS THE FOLLOWING PROVISIONS REGARDING EXECUTORY CONTRACTS AND UNEXPIRED LEASES. PARTIES TO EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING **ARTICLE V**, AS THEIR RIGHTS MIGHT BE AFFECTED.

All Executory Contracts and Unexpired Leases of the Debtors shall be assumed absent an objection as set forth in Section 5.2 hereof or an order requiring rejection, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code as of the Effective Date. Each Executory Contract and Unexpired Lease shall be fully enforceable by the Reorganized Debtors in accordance with the terms thereof, except as otherwise modified by the provisions of this Plan, or by any order of the Bankruptcy Court.

The Confirmation Order shall constitute an order of the Bankruptcy Court: (i) approving the assumption of all Executory Contracts or Unexpired Leases, as described in this Plan, pursuant to Bankruptcy Code sections 365(a) and 1123(b)(2); (ii) providing that each assumption, assumption and assignment, or rejection, as the case may be, is in the best interests of the Reorganized Debtors, their Estates, and all parties in interest in these chapter 11 cases; and (iii) providing that the requirements for assumption or assumption and assignment of any Executory Contract or Unexpired Lease to be assumed have been satisfied. Unless otherwise indicated, all assumptions or rejections of Executory Contracts or Unexpired Leases pursuant to this Plan are effective as of the Effective Date.

Except as otherwise provided herein or agreed to by the Debtors and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests. To the maximum extent permitted by law, to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to this Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by this Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtors during the Chapter 11 Cases shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.

Releases, Exculpation, and Injunction Provisions

> ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, ATTACHED HERETO AS ANNEX I, AND SECTION 9.3(b) CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.
>
> ALL HOLDERS OF CLAIMS OR INTERESTS WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES UNLESS SUCH HOLDERS: (X) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN SECTION 9.3 OF THE PLAN; OR (Y) TIMELY OBJECT TO THE RELEASES CONTAINED IN SECTION 9.3 OF THE PLAN AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION.

Houston, Texas

[●], 2025

/s/ *Draft*
_____

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Catherine A. Rankin (Texas Bar No. 24066008)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
            pguffy@hunton.com
            catherinerankin@hunton.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**ROPES & GRAY LLP**
Ryan Preston Dahl (*pro hac vice* admission pending)
Conor P. McNamara (*pro hac vice* admission pending)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email: ryan.dahl@ropesgray.com
            conor.mcnamara@ropesgray.com

-and-

**ROPES & GRAY LLP**
Natasha S. Hwangpo (*pro hac vice* admission pending)
1211 Avenue of the Americas
New York, New York 10036
Email: natasha.hwangpo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

Annex I

Discharge, Injunctions, Exculpation, and Releases

Please be advised that <u>Article IX</u> of the Plan contains certain release, exculpation, and injunction provisions as follows:

<u>Relevant Definitions</u>

"**Exculpated Parties**" means, to the fullest extent permitted by law, the Debtors.

"**Related Parties**" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

"**Released Parties**" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors,  (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

"**Releasing Parties**" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided, that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3 </u>of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3</u> of the Plan,

either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

A. ***RELEASES BY THE DEBTOR***

NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY

2

RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.3 SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES; *PROVIDED* HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS SECTION 9.3, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS SECTION 9.3 MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED NIQUETTE V. HARRIS ET AL., CASE NO. 1:23-CV-01371 (DE).

### B. *RELEASE OF LIENS*

Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to this Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates (other than Liens securing the DIP Facility, which Liens shall be retained by the DIP Agent to secure the Exit Facility and any remaining obligations under the DIP Facility) shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to this Plan, or any agent for such Holder, has filed or recorded publicly any Liens or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps requested by the Debtors or the Reorganized Debtors that are necessary or desirable to record or effectuate the cancellation or extinguishment of such Liens or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

### C. *RELEASES BY HOLDERS OF CLAIMS AND INTERESTS*

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY,**

4

**CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.3 SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY**

5

OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY
RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR
AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT)
EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL
COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY
DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH
RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES
OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH
RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE
NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE
NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH
PARTY OR ANY OF ITS RELATED PARTIES.

### D. *EXCULPATION AND LIMITATION OF LIABILITY*

WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN
SECTION 9.3 OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO
THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY
FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND
EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS,
RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES
WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR
UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR
OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING
FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE
PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE
RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT
AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY
RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE
BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE
FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF
THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER
AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION
WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE
PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN
THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS
OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE
ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE
ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR
THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER
RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION,
TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING
PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE
FOREGOING, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN
ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO
HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR
GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES

SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES. THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN. THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.

E. *INJUNCTION*

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH

**RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN.  NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY.  AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING.  THE BANKRUPTCY**

**COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.**

**THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.**

## EXHIBIT B

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT
OF PREPACKAGED CASES UNDER CHAPTER 11 OF
THE BANKRUPTCY CODE, (II) COMBINED HEARING ON THE
DISCLOSURE STATEMENT, CONFIRMATION OF THE "PREPACKAGED"
CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) OBJECTION
DEADLINES AND SUMMARY OF PREPACKAGED CHAPTER 11 PLAN**

> **THE BANKRUPTCY COURT HAS GRANTED THE SCHEDULING ORDER
> AUTHORIZING THE DEBTORS TO SOLICIT VOTES TO ACCEPT OR REJECT
> THE PLAN FROM HOLDERS OF CLASS 3 SENIOR NOTES CLAIMS**
>
> **HOLDERS OF SUCH CLAIMS HAVE UNTIL APRIL 9, 2025 AT 4:00 P.M.
> (PREVAILING CENTRAL TIME) TO VOTE ON THE PLAN BY FOLLOWING
> THE INSTRUCTIONS ON THEIR BALLOTS**

**TO:  ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND PARTIES IN
INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE THAT** on March 5, 2025 (the "Petition Date"), Cutera, Inc.
and Crystal Sub, LLC (together, the "Debtors") commenced cases (the "Chapter 11 Cases") under
chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States
Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On the Petition
Date, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc.
and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time,
the "Plan") [Docket No. 7], attached as Exhibit A to the *Disclosure Statement for the Joint
Prepackaged Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be
amended, supplemented, or modified from time to time, the "Disclosure Statement") [Docket
No. 6].[2] On [●], 2025, the Bankruptcy Court entered the *Order (I) Scheduling a Combined*

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification
      number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339). The Debtors' service address is 3240
      Bayshore Boulevard, Brisbane, CA 94005.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or
      Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained
      in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and

*Hearing on (A) Adequacy of Disclosure Statement and (B) Plan Confirmation; (II) Fixing Deadlines Related to Disclosure Statement Approval and Plan Confirmation; (III) Approving (A) Solicitation Procedures, (B) Form and Manner of Combined Hearing Notice and Objection Deadline, and (C) Notice of Non-Voting Status and Opt-Out Opportunity, (IV) Conditionally (A) Approving Disclosure Statement, (B) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors, and (C) Waiving Requirements of Filing of Statements of Financial Affairs, Schedules of Assets and Liabilities, and 2015.3 Reports; and (V) Granting Related Relief* [Docket No. ●] (the "Scheduling Order").

**PLEASE TAKE FURTHER NOTICE THAT** on March 4, 2025, the Debtors commenced solicitation of votes on the Plan from certain Eligible Holders of Class 3 Senior Notes Claims and will continue solicitation of all Holders of Class 3 Senior Notes Claims following entry of the Scheduling Order, in accordance with section 1125 of the Bankruptcy Code and within the meaning of section 1126 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** a combined hearing to consider the approval of the Disclosure Statement on a final basis and any objections thereto and to consider confirmation of the Plan and any objections thereto will be held before the Honorable Alfredo R. Perez, United States Bankruptcy Judge, in Courtroom 400, 515 Rusk Street, Houston, Texas 77002, on **April 16, 2025 at 4:00 p.m. (prevailing Central Time)**, subject to the Court's availability (the "Combined Hearing"). Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice. The Debtors expect to meet the requirements for confirmation of the Plan and to emerge from bankruptcy shortly after the Combined Hearing.

**PLEASE TAKE FURTHER NOTICE THAT** any responses or objections to the adequacy of the Disclosure Statement and/or confirmation of the Plan (each, an "Objection") must be filed with the Clerk of the Bankruptcy Court no later than **4:00 p.m. (prevailing Central Time) on April 9, 2025** (the "Objection Deadline"). Further, any Objection must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest owned or beneficially owned by such entity or individual; (d) state with particularity the legal and factual bases for such Objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such Objections; and (e) be served on the Notice Parties on or before the Objection Deadline. **Any Objection that fails to comply with the requirements set forth in the Scheduling Order may not be considered and may be overruled.**

Objections to confirmation of the Plan or to the adequacy of the Disclosure Statement must be filed with the Court and served as to be actually received by the Objection Deadline by those

---

provisions of the Plan or documents referred to therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.

parties who have filed a notice of appearance in the chapter 11 cases as well as the following parties:

| Debtors |
|---|
| Cutera, Inc.<br>3240 Bayshore Boulevard<br>Brisbane, CA 94005-1021<br>Attention: Stephana Patton<br>Email: spatton@cutera.com |

| Proposed Counsel to the Debtors | |
|---|---|
| **HUNTON ANDREWS KURTH LLP**<br>Timothy A. ("Tad") Davidson II<br>Philip M. Guffy<br>Catherine A. Rankin<br>600 Travis Street, Suite 4200<br>Houston, Texas 77002<br>Email: taddavidson@hunton.com<br>        pguffy@hunton.com<br>        catherinerankin@hunton.com | **ROPES & GRAY LLP**<br>Ryan Preston Dahl (*pro hac vice* pending)<br>Conor P. McNamara (*pro hac vice* pending)<br>191 North Wacker Drive, 32nd Floor<br>Chicago, IL 60606<br>Email:  ryan.dahl@ropesgray.com<br>            conor.mcnamara@ropesgray.com<br><br>-and-<br><br>**ROPES & GRAY LLP**<br>Natasha S. Hwangpo (*pro hac vice* pending)<br>1211 Avenue of the Americas<br>New York, New York 10036<br>E-mail:  natasha.hwangpo@ropesgray.com |

| United States Trustee for the Southern District of Texas |
|---|
| 515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Attention: Vianey Garza<br>Email: Vianey.Garza@usdoj.gov |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

## CRITICAL INFORMATION REGARDING DISCHARGES, INJUNCTIONS, EXCULPATIONS, AND RELEASES

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, INJUNCTION, AND RELATED PROVISIONS, AND SECTION 9.3(b) OF THE PLAN CONTAINS A THIRD-PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF OR OTHERWISE OBJECT TO THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES AS SET FORTH IN ARTICLE IX OF THE PLAN.

3

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**EXHIBIT C-1**

**Form of Class 3 Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**JOINT BALLOT FOR (I) VOTING TO**
**ACCEPT OR REJECT THE JOINT PREPACKAGED**
**CHAPTER 11 PLAN OF REORGANIZATION OF CUTERA, INC.**
**AND ITS AFFILIATED DEBTORS AND (II) OPTING OUT OF RELEASES**

**BALLOT FOR BENEFICIAL HOLDERS OF CLASS 3 SENIOR NOTES CLAIMS**

**PLEASE READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT AND FOLLOW THE RELEVANT INSTRUCTIONS.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST FOLLOW THE DIRECTIONS OF YOUR NOMINEE AND ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR VOTE AND TRANSMIT SUCH VOTE ON A MASTER BALLOT, WHICH MASTER BALLOT MUST BE RETURNED TO KURTZMAN CARSON CONSULTANTS, LLC D/B/A VERITA GLOBAL ("VERITA" OR THE "CLAIMS AND NOTICING AGENT") BY APRIL 9, 2025 AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE").**

**IF, HOWEVER, YOU RECEIVED A "PRE-VALIDATED" BALLOT FROM YOUR NOMINEE WITH INSTRUCTIONS TO SUBMIT SUCH BALLOT DIRECTLY TO THE CLAIMS AND NOTICING AGENT, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOU MUST COMPLETE, EXECUTE, AND RETURN THE "PRE-VALIDATED" BALLOT, SO AS TO BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

The above-captioned debtors and debtors in possession (together, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

"Plan")[2] as set forth in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], **2025** (the "Scheduling Order") [Docket No. [●]]. Conditional Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Disclosure Statement on a final basis nor approval of the Plan by the Bankruptcy Court.

You are receiving this ballot (the "Ballot") because you are a Beneficial Holder[3] of a Claim arising on account of Senior Notes Claims indicated on **Annex A** hereto as of March 3, 2025 (the "Voting Record Date"). Accordingly, you have a right to vote to (a) accept or reject the Plan, and (b) subject to the limitations set forth herein, opt-out of the third-party release set forth in Section 9.3(b) of the Plan. You can cast your vote through this Ballot and return it to your broker, bank, or other nominee, or the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"), in accordance with the instructions provided by your Nominee, who will then submit a master ballot (the "Master Ballot") on behalf of the Beneficial Holders of the Class of Senior Notes Claims indicated on **Annex A** hereto.

Your rights are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, Scheduling Order, Equity Rights Offering Procedures and related subscription form, Senior Notes Claim Cash Option Election Notice, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.txs.uscourts.gov; or (b) at no charge from the Claims and Noticing Agent by: (i) accessing the Debtors' restructuring website at https://www.veritaglobal.net/cutera; (ii) writing to Cutera Ballot Processing Center c/o Kurtzman Carson Consultants, LLC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (iii) emailing cuterainfo@veritaglobal.com; or (iv) calling the Claims and Noticing Agent at:

<div align="center">

U.S./Canada (toll-free): (888) 788-0109
International (toll): +1 (781) 575-2045

</div>

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact your Nominee immediately.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

[3]   A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees.

treatment of your Claim. Your Claim has been placed in the Class of Senior Notes Claims under the Plan.

In order for your vote to count, your Nominee must receive your vote, whether cast via this Ballot or otherwise according to your Nominee's instructions in sufficient time for your Nominee to include your vote on a Master Ballot that must be received by the Claims and Noticing Agent on or before the Voting Deadline, which is **April 9, 2025 at 4:00 p.m., prevailing Central Time**. Please allow sufficient time for your vote to be included on the Master Ballot completed by your Nominee. If a Master Ballot recording your vote is not received by the Voting Deadline, and if the Voting Deadline is not extended, your vote will only count in the Debtors' sole discretion.

## **Important Information Regarding Releases under the Plan.**[4]

Section 9.3(a) of the Plan provides for a release by the Debtors (the "Debtors Release"):

> **NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES,**

---

[4]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR

OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES; *PROVIDED* HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS <u>SECTION 9.3</u>, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED <u>NIQUETTE V. HARRIS ET AL.</u>, CASE NO. 1:23-CV-01371 (DE).

<u>Section 9.3(b)</u> of the Plan provides for a release by the Releasing Parties (the "<u>Release by Holders of Claims and Interests</u>"):

NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR

CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.3 SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL

**COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH PARTY OR ANY OF ITS RELATED PARTIES.**

Section 9.4 of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN SECTION 9.3 OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO**

**HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.  THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.**

Section 9.5 of the Plan establishes an injunction (the "Injunction"):

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE**

**PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN.  NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY.  AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS**

9

**PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.**

**THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.**

Definitions Related to the Debtors Release and the Release by Holders of Claims and Interests:

Under the Plan, "***Released Parties***" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors,  (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

Under the Plan, "*Releasing Parties*" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided*, *that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3 </u>of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3 </u>of the Plan, either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

Under the Plan, "***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by

10

operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS HERETO BEFORE COMPLETING THIS BALLOT**

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 3**

As described in more detail in the Disclosure Statement, except to the extent that a Holder of an Allowed Senior Notes Claim agrees to a less favorable treatment of such Claim, each Holder of a Senior Notes Claim (or its designated Affiliate, managed fund or account or other designee) shall receive, in full and final satisfaction, settlement, release, and discharge of such Claim, on the Plan Effective Date either:

- (A) its Pro-Rata Share of 100% of the Reorganized Common Equity, subject to dilution from the Equity Rights Offering, the Put Option Premium, and Management Incentive Plan; and (B) the right to participate in the Equity Rights Offering for its Pro-Rata Share of the Non-Holdback Rights Offering Amount ((A) and (B), collectively, the "Senior Notes Claim Equity Recovery"); or

- if such Holder of an Allowed Senior Notes Claim elects to participate in the Common Equity Convenience Buyout (the "Senior Notes Claim Cash Option"), in lieu of all of its Senior Notes Claim Equity Recovery, (A) Cash in an amount (the "Senior Notes Claim Cash Amount") equal to the product of the Common Equity Convenience Buyout Share Price times the number of shares of Reorganized Common Equity such Holder was entitled to receive pursuant to clause (A) of the Senior Notes Claim Equity Recovery (the "Cash-Out Shares"), with the number of Cash-Out Shares of such Holder subject to reduction on a *pro rata* basis to ensure the aggregate Senior Notes Claim Cash Amount does not exceed the Common Equity Convenience Buyout Cap (the "Cash-Out Reduction") and (B) to the extent the Cash-Out Reduction occurs, shares of Reorganized Common Equity equal to the number of Cash-Out Shares of such Holder that were reduced in accordance with the Cash-Out Reduction;

- *provided* that only those Holders which vote to accept the Plan are eligible to exercise the Senior Notes Claim Cash Option, absent the consent of the Debtors and the Required Consenting Senior Noteholders.

---

**Item 1. Principal Amount of Claims and Voting.**

| **ITEM 1**: **AMOUNT OF CLAIMS** | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder of Claim(s) in the following aggregate unpaid principal amount within the Voting Class as set forth below (your "Claim"). If the Amount of your Claim for voting purposes is not entered in the box below and you do not know the Amount of your Claim(s) as of the Voting Record Date, please contact your Nominee for this information without delay. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for each Voting Class in order to have your vote in the Voting Class counted. |
|---|---|
| | Please note that you are voting all of your Claims in the Voting Class either to accept or reject the Plan. You may not split your vote in the Voting Class. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and |

reject the Plan by checking both boxes below, your vote in the Voting Class will not be counted.

The Plan, though proposed jointly, constitutes a separate Plan proposed by each Debtor. Accordingly, your vote cast below will be applied in the same manner and in the same amount against each applicable Debtor.

The Holder of the Claims in the Voting Class set forth below votes to (*please check one and only one box per applicable Voting Claim*):

| Voting Class | Description | Amount | Vote to Accept or Reject Plan[5] |
|---|---|---|---|
| Class 3 | Senior Notes Claims | $_____<br><br>(principal only) | ACCEPT (VOTE FOR) THE PLAN<br><br>REJECT (VOTE AGAINST) THE PLAN |

**Item 2. Optional Opt-Out Release Election.**

AS A HOLDER OF THE CLAIMS IN THE VOTING CLASS IDENTIFIED IN ITEM 1, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN SECTION 9.3(B) OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN SECTION 9.3(B) OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES BECAUSE EITHER (I) YOU ABSTAIN FROM VOTING TO ACCEPT OR REJECT THE PLAN AND YOU CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT BY THE VOTING DEADLINE, OR (II) YOU VOTE TO ACCEPT OR REJECT THE PLAN IN ITEM 1 ABOVE, AND YOU CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT BY THE VOTING DEADLINE. YOU MAY ALSO VALIDLY OPT-OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE OBJECTION DEADLINE. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASES BY HOLDERS OF CLAIMS AND INTERESTS IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT (TO THE EXTENT YOU ARE A PARTY THERETO). **Please be advised that your election to opt out does not**

---

[5] By submitting voting and/or third party release opt out instructions, the beneficial holder is deemed to have consented to, and expressly authorizes, the Nominee to disclose the beneficial holder's name and contact information to the Voting Agent upon request.

**affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out.**

☐ **By checking this box, the Holder of the Claims identified in Item 1 elects to opt-out of the Release by Holders of Claims and Interests**

**Item 3. Other Ballots Submitted**

By returning this Ballot, the Holder of the Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for Claims identified in Item 1 owned by such Holder, except as identified in the following table, and (b) all Ballots submitted by the Holder in the same Class indicate the same vote to accept or reject the Plan that the Holder has indicated in Item 1 of this Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLAIMS IN THE SAME CLASS ON OTHER BALLOTS**

| Beneficial Holder's Account Number at Other Nominee | Name of Registered Holder or Other Nominee | DTC Participant Number of Other Nominee | Principal Amount of Other Claims Voted | Plan Vote of Other Claims (Accept or Reject) | CUSIP of Other Claims Voted |
|---|---|---|---|---|---|
| | | | $ | | |
| | | | $ | | |
| | | | $ | | |
| | | | $ | | |

**Item 4. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of the Claims in the aggregate unpaid principal amount within the Voting Class as set forth in Item 1;

2. the undersigned has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. the undersigned has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. the undersigned has cast the same vote with respect to all of the Holder's Claims in the Voting Class;

14

5.      the undersigned understands and acknowledges that if multiple Ballots are submitted voting the Claims set forth in Item 1, only the latest, valid Ballot received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

6.      the undersigned understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 5. Holder Information and Signature.**

Name of Holder:     _____
                    (*print or type*)

Signature:          _____

Name of Signatory:  _____
                    (*if other than Holder, include name and title*)

Title:              _____

Address:            _____

                    _____

                    _____

                    _____

E-mail Address:     _____

Date Completed:     _____

<div align="center">

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT *PROMPTLY* IN THE ENVELOPE PROVIDED OR OTHERWISE IN
ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE**

</div>

---

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THE MASTER BALLOT SUBMITTED ON YOUR BEHALF WHICH REFLECTS YOUR VOTE TO ACCEPT OR REJECT THE PLAN ON OR BEFORE APRIL 9, 2025 AT 4:00 P.M., PREVAILING CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR GENERAL QUESTIONS ABOUT THE VOTING PROCEDURES, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT BY EMAIL AT CUTERAINFO@VERITAGLOBAL.COM OR CALLING (888) 788-0109  (U.S./CANADA), TOLL FREE  OR  +1 (781) 575-2045 (INTERNATIONAL, TOLL). IF YOU HAVE QUESTIONS ABOUT VOTING INSTRUCTIONS PROVIDED BY YOUR NOMINEE, PLEASE CONTACT YOUR NOMINEE.

## VOTING INSTRUCTIONS

a.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Class 3 Senior Notes Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you received with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.** You may wish to seek legal advice concerning the Plan and the treatment of your Claim under the Plan.

b.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon Holders of Claims and Interests if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class and if the Plan otherwise satisfies the requirements for confirmation set forth in section 1129(a) of the Bankruptcy Code.

c.  Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you *must* complete and submit your Ballot to your Nominee in sufficient time to allow your Nominee to process your vote and submit a Master Ballot so that the Master Ballot is *actually received* by the Claims and Noticing Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 1 of the Ballot; and (c) sign and return the Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline is **April 9, 2025 at 4:00 p.m., prevailing Central Time**. Your completed Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your votes to the Claims and Noticing Agent on or before the Voting Deadline.

d.  **Use of Hard Copy Ballot**. To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 1 of the Ballot; and (c) clearly sign and return your Ballot as instructed herein.

e.  If a Master Ballot or "pre-validated" Beneficial Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, as a Beneficial Holder you should allow sufficient time to assure timely delivery of your Ballot to your Nominee. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Claims and Noticing Agent before the Voting Deadline.

f.  If you deliver multiple Beneficial Ballots to your Nominee with respect to the same Claims prior to the Voting Deadline, the last received valid Beneficial Ballot timely received by your Nominee will supersede and revoke any earlier received Beneficial Ballots.

g.  If a Holder simultaneously casts inconsistent duplicate Beneficial Ballots, with respect to the same Claim(s), such Beneficial Ballots will not be counted.

17

h.   The Ballot does not constitute and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission with respect to any Claim. The Ballot may not be used for any purpose other than to vote to accept or reject the Plan and to make certain certifications with respect thereto.

i.   Please be sure to sign and date your Beneficial Ballot. If you are signing a Beneficial Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

j.   You must vote your entire Claim in the Voting Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted as a vote to accept or reject the Plan.

k.   The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by or on behalf of a Person or Entity that does not hold a Claim in the Voting Class as of the Voting Record Date; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; (e) any Ballot submitted by or on behalf of a party not entitled to cast a vote with respect to the Plan; and/or (f) any Ballot received by the Claims and Noticing Agent after the Voting Deadline (provided that a Ballot received after the Voting Deadline may be counted in the Debtors' sole discretion).

l.   If you hold Senior Notes Claims through multiple Nominees, you may receive more than one Ballot. Each Ballot votes only your Claims as indicated on that Ballot. Please complete and return each Ballot you receive.

m.   If your Beneficial Ballot has been "pre-validated" by your Nominee, including a signature and medallion guarantee certifying your Claim amount for voting purposes as of the Voting Record Date, you may submit such "pre-validated" Ballot directly to the Claims and Noticing Agent by electronic mail at cuteraballots@veritaglobal.com (with "Cutera Ballot Submission" in the subject line). "Pre-validated" Beneficial Ballots may also be submitted in paper format directly to the Claims and Noticing Agent in the return envelope provided, if any, or otherwise by regular mail, overnight courier, or hand delivery to:

Cutera, Inc. Ballot Processing Center
c/o Kurtzman Carson Consultants, LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

(To arrange hand delivery of your Beneficial Ballot, please email the Claims and Noticing Agent at cuterainfo@veritaglobal.com (with "Cutera Ballot Delivery" in the subject line)

at least 24 hours prior to your arrival at the Verita address above and provide the anticipated date and time of delivery.)

For the avoidance of doubt, only Beneficial Ballots that have been "pre-validated" by a Beneficial Holder's Nominee may be returned directly to the Claims and Noticing Agent as provided above. To be counted, Beneficial Ballots that have not been "pre-validated" by a Nominee must be returned according to the Nominee's instructions.

n.   Your Nominee is authorized to transmit solicitation materials and information to, and solicit and collect votes from, its Beneficial Holder clients using its customary practices, including electronic transmission, links to online resources, a voter information form in lieu of or in addition to a Ballot, and/or online submission of votes.

o.   If your Ballot (a) is not counted for voting purposes for any reason, including because it does not conform to the instructions described in your Ballot but (b) indicates your election to opt-out of the Release by Holders of Claims and Interests, your election to opt-out of the Release by Holders of Claims and Interests shall be deemed valid and you will not be deemed a "Releasing Party" under the Plan, so long as your Ballot is actually received by the Claims and Noticing Agent by the Voting Deadline.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT (I) BY WRITING TO: CUTERA, INC. BALLOT PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS, LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245 OR (II) BY EMAIL TO CUTERAINFO@VERITAGLOBAL.COM (WITH "CUTERA SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR (III) CALLING (888) 788-0109 (U.S./CANADA, TOLL FREE). OR +1 (781) 575-2045 (INTERNATIONAL, TOLL). HOWEVER, SPECIFIC QUESTIONS ABOUT VOTING INSTRUCTIONS PROVIDED BY YOUR NOMINEE SHOULD BE DIRECTED TO YOUR NOMINEE.**

**THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

<u>**Annex A**</u>

**Please check one (and only one) box below to indicate the CUSIP/ISIN to which this Beneficial Ballot pertains (or clearly indicate such information directly on the Ballot or on an exhibit thereto). If you check more than one box, you risk having your vote submitted through this Beneficial Ballot invalidated.**

| Class 3 (Senior Notes Claims) | | |
|---|---|---|
| ☐ | 2.25% Convertible Senior Notes due 2026 (Unrestricted) | CUSIP 232109AB4<br>ISIN US232109AB48 |
| ☐ | 2.25% Convertible Senior Notes due 2028 (Unrestricted) | CUSIP 232109AD0<br>ISIN US232109AD04 |
| ☐ | 4.00% Convertible Senior Notes due 2029 (Unrestricted) | CUSIP 232109AG3<br>ISIN US232109AG35 |

**EXHIBIT C-2**

**Form of Class 3 Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR (I) VOTING TO
ACCEPT OR REJECT THE JOINT PREPACKAGED
CHAPTER 11 PLAN OF REORGANIZATION OF CUTERA, INC.
AND ITS AFFILIATED DEBTORS AND (II) OPTING OUT OF RELEASES**

**MASTER BALLOT FOR HOLDERS OF CLASS 3 SENIOR NOTES CLAIMS**

**PLEASE READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT AND FOLLOW THE RELEVANT INSTRUCTIONS.**

**IN ORDER FOR YOUR VOTES ON THIS MASTER BALLOT TO BE COUNTED, THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY KURTZMAN CARSON CONSULTANTS, LLC D/B/A VERITA GLOBAL ("VERITA" OR THE "CLAIMS AND NOTICING AGENT") BY APRIL 9, 2025 AT 4:00 P.M., PREVAILING CENTRAL TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BELOW.**

The above-captioned debtors and debtors in possession (together, the "Debtors"), are soliciting votes with respect to the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "Plan")[2] as set forth in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has conditionally approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2025 (the "Scheduling Order") [Docket No. [●]].

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

Conditional Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Disclosure Statement on a final basis nor approval of the Plan by the Bankruptcy Court.

You are receiving this master ballot (the "Master Ballot") because you are the Nominee (as defined below) of a Beneficial Holder[3] of Senior Notes Claims as of March 3, 2025 (the "Voting Record Date").

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders of Class 3 Senior Notes Claims indicated on Annex A hereto, to transmit to Kurtzman Carson Consultants, LLC d/b/a Verita Global (the "Claims and Noticing Agent") the votes of such Beneficial Holders in respect of their Claims to accept or reject the Plan.**

The rights and treatment for each Class are described in the Disclosure Statement, which was included in the package (the "Solicitation Package") you are receiving with this Master Ballot (as well as the Plan, Scheduling Order, Senior Notes Claim Cash Option Election Notice, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.txs.uscourts.gov; or (b) at no charge from the Claims and Noticing Agent by: (i) accessing the Debtors' restructuring website at https://www.veritaglobal.net/cutera; (ii) writing to Cutera Ballot Processing Center c/o Kurtzman Carson Consultants, LLC d/b/a Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (iii) emailing cuterainfo@veritaglobal.com; or (iv) calling the Claims and Noticing Agent at:

<div align="center">

U.S./Canada (toll-free): (877) 499-4509
International (toll): +1 (917) 281-4800

</div>

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Master Ballot in error, please contact the Claims and Noticing Agent *immediately* at the address, telephone number, or email address set forth above.

You are authorized to transmit solicitation materials and information to, and to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including providing an online link to solicitation materials, the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot (as defined below), and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you transmit votes. You or the Beneficial Holders of the Claims for whom you are the Nominee may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of such Claims.

---

[3]   A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose Claims or Interests have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees.

The Bankruptcy Court may confirm the Plan and thereby bind all Holders of Claims or Interests. To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Claims and Noticing Agent *actually receives* it on or before the Voting Deadline.

**Important Information Regarding Releases under the Plan**.[4]

Section 9.3(a) of the Plan provides for releases by the Debtors (the "Debtors Release"):

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO,**

---

[4]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

3

ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES;

*PROVIDED* **HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS** <u>SECTION 9.3</u>**, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS** <u>SECTION 9.3</u> **MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED** <u>NIQUETTE V. HARRIS ET AL.</u>**, CASE NO. 1:23-CV-01371 (DE).**

<u>Section 9.3(b)</u> of the Plan provides for a release by the Releasing Parties (the "<u>Release by Holders of Claims and Interests</u>"):

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST**

THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.3 SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE

**NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH PARTY OR ANY OF ITS RELATED PARTIES.**

Section 9.4 of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN SECTION 9.3 OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW,**

**RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.  THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.**

Section 9.5 of the Plan establishes an injunction (the "Injunction"):

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND**

8

NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN. NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY. AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH

9

**DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.**

**THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.**

Definitions Related to the Debtors Release and the Release by Holders of Claims and Interests:

Under the Plan, "***Released Parties***" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors,  (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

Under the Plan, "***Releasing Parties***" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided*, *that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3</u> of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3</u> of the Plan, either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

Under the Plan, "***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants,

representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

**PLEASE READ THE ATTACHED VOTING INFORMATION
AND INSTRUCTIONS HERETO BEFORE COMPLETING THIS BALLOT**

**Item 1. Certification of Authority to Vote**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐     Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Claims listed in Item 2 below, or

☐     Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of Claims listed in Item 2 below, or

☐     Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner of the aggregate principal amount of Claims listed in Item 2 below,

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Claims described in Item 2.

**Item 2.  Claims Vote on Plan**

The undersigned transmits the following votes of Beneficial Holders of Senior Notes Claims indicated on **Annex A** hereto and certifies that the following Beneficial Holders of such Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Holders of such Claims as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed ballots (the "Beneficial Holder Ballots") casting such votes as indicated and containing instructions for the casting of those votes on their behalf. For purposes of this Master Ballot, accrued or unmatured interest should not be included.

Indicate in the appropriate column below the aggregate unpaid principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all its Claims to accept or reject the Plan and may not split such vote. Any Beneficial Ballot executed by a Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted. **If the Beneficial Holder has checked the box on Item 2 of the Beneficial Ballot pertaining to releases by Holders of Claims, as detailed in Section 9.3(b) of the Plan, please place an X in the Item 2 column below for each Beneficial Holder that checked the box.**

| Your Customer Account Number for Each Beneficial Holder of Claims[5] | Principal Amount Held as of Voting Record Date | Item 1 Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | | Item 2 If the box in Item 3 of the Beneficial Holder Ballot was completed, place an X in the column below |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | OPT-OUT of the Third-Party Release |
| 1: | $ | | | | |
| 2 | $ | | | | |
| 3 | $ | | | | |
| 4 | $ | | | | |
| 5 | $ | | | | |
| 6 | $ | | | | |
| TOTALS | $ | | | | |

Item 3.        Other Ballots Submitted by Beneficial Holders in the Same Class

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 3 of the Beneficial Holder Ballot:

| Your customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Holder Ballot. | Beneficial Holder's Account Number at Other Nominee | Name of Registered Holder or Other Nominee | DTC Participant Number of Other Nominee | Principal Amount of Other Claims Voted | Plan Vote of Other Claims (Accept or Reject) | CUSIP of other Class Claim Votes |
|---|---|---|---|---|---|---|
| 1. | | | | $ | | |
| 2. | | | | $ | | |
| 3. | | | | $ | | |
| 4. | | | | $ | | |
| 5. | | | | $ | | |

Item 4. Certifications.

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

> a.        it has received a copy of the Disclosure Statement, the Plan, the Master Ballot, the Beneficial Holder Ballot, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims listed in Item 2 above;

---

[5]    By submitting voting and/or third party release opt out instructions, the beneficial holder is deemed to have consented to, and expressly authorizes, the Nominee to disclose the beneficial holder's name and contact information to the Solicitation Agent upon request.

13

b.       it has received a completed and signed Beneficial Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 of this Master Ballot;

c.       it is the registered Holder of all the Claims listed in Item 2 above being voted, or it has been authorized by each Beneficial Holder of the Claims listed in Item 2 above to vote on the Plan;

d.       no other Master Ballots with respect to the same Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier received Master Ballots are hereby revoked;

e.       it has properly disclosed: (i) the number of Beneficial Holders of Claims who completed the Beneficial Ballots; (ii) the respective amounts of the Claims owned, as the case may be, by each Beneficial Holder of the Claims who completed a Beneficial Ballot; (iii) each such Beneficial Holder of Claims' respective vote concerning the Plan; (iv) each such Beneficial Holder of Claims' certification as to other Claims voted in the same Class; and (v) the customer account or other identification number for each such Beneficial Holder of Claims; and

f.       it will maintain Beneficial Ballots and evidence of separate transactions returned by Beneficial Holders of Claims (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

Name of Nominee: _____
                 (*Print or Type*)

DTC Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable):

_____
(*Print or Type*)

Signature: _____

Name of
Signatory: _____

Title: _____

Address: _____

_____

E-mail Address: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND
RETURN IT *PROMPTLY* IN THE ENVELOPE PROVIDED OR VIA FIRST CLASS
MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, OR VIA ELECTRONIC
MAIL SERVICE TO:**

**Cutera, Inc. Ballot Processing Center
c/o Kurtzman Carson Consultants, LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245
Via E-Mail: CuteraBallots@veritaglobal.com**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT *ACTUALLY RECEIVE* THIS
MASTER BALLOT ON OR BEFORE APRIL 9, 2025 AT 4:00 P.M., PREVAILING
CENTRAL TIME, AND IF THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES
TRANSMITTED BY THIS MASTER BALLOT MAY BE COUNTED TOWARD
CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## <u>INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT</u>

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Master Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.**

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in the Voting Class and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.    You should immediately distribute Solicitation Packages, including Beneficial Holder Ballots to all Beneficial Holders of Claims and take any action required to enable each such Beneficial Holder to vote timely the Claims that it holds. You may distribute the Solicitation Packages and solicitation information to Beneficial Holders, as appropriate, in accordance with your customary practices, including via an online document platform and information resource or email. You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by <u>April 9, 2025 at 4:00 p.m.</u>, prevailing Central Time or otherwise validate the Master Ballot in a manner acceptable to the Claims and Noticing Agent.

4.    If you are transmitting the votes of any Beneficial Holder of Claims other than yourself, you may either:

(i)    "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Package and then forward the Solicitation Package to the Beneficial Holder of the Claim for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Package, with the Beneficial Holder then returning the individual Beneficial Holder Ballot directly to the Claims and Noticing Agent in the return envelope provided in the Solicitation Package. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; applying a medallion guarantee to the Ballot or attaching an authorized signatory list, certifying the Beneficial Holder's voting amount as of the Voting Record Date, indicating the account number of the Beneficial Holder and the principal amount of Claims held by the Nominee for such Beneficial Holder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Package to the Beneficial Holder. The Beneficial Holder then

completes the remaining information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to the Claims and Noticing Agent. A list of the Beneficial Holders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date; or

(ii)     Within five (5) Business Days after receipt by such Nominee of the Solicitation Package, in accordance with your customary practices to collect votes to accept or to reject the Plan from Beneficial Holders, forward the Solicitation Package to the Beneficial Holder of the Claim for voting with instructions on how to return the Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be provided to the Nominee separately by the Claims and Noticing Agent, in accordance with any instructions set forth in the Master Ballot, and then return the Master Ballot to the Claims and Noticing Agent on or before the Voting Deadline. The Nominee should advise the Beneficial Holder to return their individual Beneficial Holder Ballots (or otherwise transmit their vote) to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is actually received by Claims and Noticing Agent on or before the Voting Deadline.

5.     With regard to any Beneficial Holder Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Claims and Noticing Agent by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan.  You may be ordered to produce the Beneficial Holder Ballots (or evidence of the vote transmitted to you) to the Debtors or the Bankruptcy Court.

(i)     The Master Ballot **must** be returned to the Claims and Noticing Agent so as to be **actually received** by the Claims and Noticing on or before the Voting Deadline. **The Voting Deadline is April 9, 2025 at 4:00 p.m., prevailing Central Time.**

(ii)     If a Master Ballot is received **after** the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the discretion of the Debtors. Additionally, **the following votes will not be counted:**

a.     votes contained on any Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

b.     votes contained on any Master Ballot cast by a Party that does not hold a Claim in the Voting Class;

c.     votes contained on any Master Ballot sent by facsimile or any electronic means other than electronic mail;

17

      d.      votes contained on any unsigned Master Ballot;

      e.      votes contained on any Master Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and/or

      f.      votes contained on any Master Ballot submitted by any party not entitled to cast a vote with respect to the Plan.

6. The method of delivery of Master Ballots to the Claims and Noticing Agent is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when the Claims and Noticing Agent **actually receives** the executed Master Ballot. In all cases, Beneficial Holders and Nominees should allow sufficient time to assure timely delivery.

7. If a Beneficial Holder or Nominee holds a Claim in a voting Class against multiple Debtors, a vote on their Beneficial Holder Ballot will apply to all applicable Classes and Debtors against whom such Beneficial Holder or Nominee has such Claim, as applicable, in that voting Class.

8. If multiple Master Ballots are received from the same Nominee with respect to the same Claims voted on a Beneficial Holder Ballot prior to the Voting Deadline, the latest, timely received, properly executed, and otherwise valid Master Ballot will supersede and revoke any earlier received Master Ballots.

9. The Master Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or Interest or (b) an assertion or admission of a Claim or Interest.

10. **Please be sure to sign and date the Master Ballot**.  You should indicate that you are signing the Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

11. If you are both the Nominee and the Beneficial Holder of any of the Claims indicated on **Annex A** of the Master Ballot or Beneficial Holder Ballot, as applicable, and you wish to vote such Claims, you may vote such Claims where indicated on the Master Ballot for such Claims and you must vote your entire Claims in the Voting Class to either accept or reject the Plan and may not split your vote.

12. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided*, *however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the

vote of each affiliated entity may be counted separately as a vote to accept or reject the Plan. Any party in interest may contest any such aggregation of multiple Claims at the Combined Hearing.

13.     The following additional rules shall apply to Master Ballots:

   a.   Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims as of the Voting Record Date, as evidenced by the record and depository listings.

   b.   Votes submitted by a Nominee or Beneficial Holder, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, will not be counted in excess of the record amount of the Claims held by such Nominee;

   c.   To the extent that conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Beneficial Holder Ballots, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee;

   d.   To the extent that over-votes on a Master Ballot or pre-validated Beneficial Holder Ballots are not reconcilable prior to the preparation of the vote certification, the Claims and Noticing Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Beneficial Holder Ballots that contained the over-vote, but only to the extent of the Nominee's position in the Claims; and

   e.   For purposes of tabulating votes, each Holder holding through a particular account will be deemed to have voted the principal amount relating to its holdings in that particular account, although the Claims and Noticing Agent may be asked to adjust such principal amount to reflect the Claim amount.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE ENCLOSED MATERIALS, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT (I) BY WRITING TO: CUTERA, INC. BALLOT PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS, LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245 OR (II) BY EMAIL TO CUTERAINFO@VERITAGLOBAL.COM (WITH "CUTERA SOLICITATION INQUIRY" IN THE SUBJECT LINE) OR (III) CALLING (877) 499-4509 (U.S./CANADA, TOLL FREE). OR +1 (917) 281-4800 (INTERNATIONAL, TOLL). HOWEVER, SPECIFIC QUESTIONS ABOUT VOTING INSTRUCTIONS PROVIDED BY YOUR NOMINEE SHOULD BE DIRECTED TO YOUR NOMINEE.**

**THE CLAIMS AND NOTICING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

<u>**Annex A**</u>

**Please check one (and only one) box below to indicate the CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on an exhibit thereto).  If you check more than one box, you risk having the Beneficial Holder votes submitted through this Master Ballot invalidated.**

| | **Class 3 (Senior Notes Claims)** | |
|---|---|---|
| ☐ | 2.25% Convertible Senior Notes due 2026 (Unrestricted) | CUSIP 232109AB4<br>ISIN US232109AB48 |
| ☐ | 2.25% Convertible Senior Notes due 2028 (Unrestricted) | CUSIP 232109AD0<br>ISIN US232109AD04 |
| ☐ | 4.00% Convertible Senior Notes due 2029 (Unrestricted) | CUSIP 232109AG3<br>ISIN US232109AG35 |

## EXHIBIT D

**Notice of Non-Voting Status**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS

**PLEASE TAKE NOTICE THAT** on March 5, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on March 5, 2025, the Debtors filed with the Bankruptcy Court the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* [Docket No. 7] (as may be further amended, supplemented, or otherwise modified from time to time, the "Plan") and related disclosure statement [Docket No. 6] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement").[2] Copies of the Plan and the Disclosure Statement may be obtained free of charge by (i) visiting the website maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC. d/b/a Verita Global (the "Claims and Noticing Agent" or "Verita"), https://www.veritaglobal.net/cutera, (ii) calling the Claims and Noticing Agent at (888) 788-0109 (US/Canada Toll-Free) or +1 (781) 575-2045 (International, Toll), or (iii) sending an electronic mail message to: cuterainfo@veritaglobal.com.

**PLEASE TAKE FURTHER NOTICE THAT** on [●], 2025, the Court entered an order [Docket No. ●] (the "Scheduling Order"): (a) scheduling a Combined Hearing on the adequacy of the Disclosure Statement and Plan confirmation; (b) fixing deadlines related to the Disclosure Statement approval and Plan confirmation; (c) approving solicitation procedures; (d) approving the form and manner of notice of the Combined Hearing and Objection Deadline; (e) approving

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and the Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or the documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or the Disclosure Statement, the Plan or the Disclosure Statement, as applicable, shall govern and control.

this notice and related opt-out form; (f) conditionally approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; and (g) granting other related relief.

**PLEASE TAKE FURTHER NOTICE THAT** you are a Holder or potential Holder of a Claim against or Interest in the Debtors that, due to the nature and treatment of such Claim or Interest under the Plan, **is not entitled to vote on the Plan**. Specifically, under the terms of the Plan, Holders of Claims or Interests in Classes 1, 2, 4, 5, 6, 7, and 8 are **not** entitled to vote on the Plan:

(i)     Claims in Classes 1, 2, and 4 are Unimpaired under the Plan and, therefore, Holders of such Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code;

(ii)    Claims and Interests in Classes 7 and 8 are Impaired under the Plan, therefore, Holders of such Claims or Interests are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code; and

(iii)   Claims in Classes 5 and 6 are either: (a) Unimpaired under the Plan and, therefore, Holders of such Claims or Interests are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) Impaired under the Plan and, therefore, Holders of such Claims or Interests are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** any objections (each, an "Objection") to confirmation of the Plan or the adequacy of the Disclosure Statement must (1) be in writing, (2) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the Southern District of Texas, (3) state the name and address of the objecting party and the amount and nature of the objecting party's Claim or Interest, (4) state with particularity the legal and factual basis for such Objections, and, if practicable, a proposed modification to the Plan or Disclosure Statement that would resolve such an Objection, and (5) be filed with the Court and served so that the Notice Parties below actually receive the Objection no later than **April 9, 2025 at 4:00 p.m., prevailing Central Time** (the "Objection Deadline").

Objections must be mailed or emailed to parties who have filed a notice of appearance in the Debtors' Chapter 11 Cases as well as the following parties:

| Counsel to the Debtors | ROPES & GRAY LLP |
|---|---|
| | Ryan Preston Dahl |
| | Conor P. McNamara |
| | 191 North Wacker Drive, 32nd Floor |
| | Chicago, IL 60606 |
| | Telephone: (312) 845-1200 |
| | Facsimile: (312) 845-5500 |
| | Email:  ryan.dahl@ropesgray.com |
| | conor.mcnamara@ropesgray.com |

| | |
|---|---|
| | -and-<br><br>**ROPES & GRAY LLP**<br>Natasha S. Hwangpo<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 596-9000<br>Facsimile: (212) 596-9090<br>Email:  natasha.hwangpo@ropesgray.com |
| **Co-Counsel to the Debtors** | **HUNTON ANDREWS KURTH LLP**<br>Timothy A. ("Tad") Davidson II<br>Philip M. Guffy<br>Catherine A. Rankin<br>600 Travis Street, Suite 4200<br>Houston, Texas 77002<br>Telephone: (713) 220-4200<br>Email:  taddavidson@hunton.com<br>            pguffy@hunton.com<br>            catherinerankin@hunton.com |
| **United States Trustee** | **Office of the United States Trustee for the Southern District of Texas**<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002<br>Vianey Garza<br>Telephone: (713) 718-4650<br>Email: Vianey.Garza@usdoj.gov |

**PLEASE TAKE FURTHER NOTICE THAT** if you have questions regarding this notice or would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost,** you should: (a) visit the Debtors' restructuring website at https://www.veritaglobal.net/cutera/; (b) contact Verita by writing to Cutera, Inc., c/o Verita Global, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (c) contactVerita at cuterainfo@veritaglobal.com (with "Cutera Solicitation Inquiry" in the subject line); and/or (d) call the Debtors' restructuring hotline at (888) 788-0109 (U.S./Canada, Toll-Free) or +1 (781) 575-2045 (International, Toll) and request to have a member of the Solicitation Team contact you.

All pleadings filed in the Chapter 11 Cases (i) may be inspected at the office of the Clerk of the Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Fifth Floor, Houston, Texas 77208 (the "Clerk's Office") and (ii) will be available on the website maintained by the Claims and Noticing Agent at https://www.veritaglobal.net/cutera/.

**PLEASE TAKE FURTHER NOTICE THAT** the following provisions are included in the Plan:

3

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.**

**ALTHOUGH YOU ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, THE OPT-OUT FORM ATTACHED HERETO PROVIDES YOU WITH THE OPTION TO NOT GRANT THE VOLUNTARY RELEASE BY RELEASING PARTIES CONTAINED IN SECTION 9.3 OF THE PLAN (THE "RELEASE BY HOLDERS OF CLAIMS AND INTERESTS"). IF YOU WERE GIVEN THE NOTICE OF THE OPPORTUNITY TO OPT OUT OF GRANTING THE RELEASES SET FORTH IN THE PLAN BUT DID NOT (I) FILL IN AND RETURN THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (II) OBJECT TO THE PLAN PRIOR TO THE OBJECTION DEADLINE, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE RELEASES AND YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, AND THE RELEASED PARTIES AS PROVIDED IN THE PLAN.**

**Important Information Regarding Releases under the Plan**.[3]

Section 9.3(a) of the Plan provides for releases by the Debtors (the "Debtors Release"):

NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY,

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR

**WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES; _PROVIDED_ HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS <u>SECTION 9.3</u>, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED <u>NIQUETTE V. HARRIS ET AL.</u>, CASE NO. 1:23-CV-01371 (DE).**

<u>Section 9.3(b)</u> of the Plan provides for a release by the Releasing Parties (the "<u>Release by Holders of Claims and Interests</u>"):

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR**

INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS SECTION 9.3 SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR

OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH PARTY OR ANY OF ITS RELATED PARTIES.

Section 9.4 of the Plan provides for an exculpation of certain parties (the "Exculpation"):

WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN SECTION 9.3 OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING,

**EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.  THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.**

Section 9.5 of the Plan establishes an injunction (the "Injunction"):

**UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON**

9

ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN.  NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY.  AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR

CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING. THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.

THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.

<u>Section 9.7</u> of the Plan provides for a Release of Liens:

Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to this Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates (other than Liens securing the DIP Facility, which Liens shall be retained by the DIP Agent to secure the Exit Facility and any remaining obligations under the DIP Facility) shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to this Plan, or any agent for such Holder, has filed or recorded publicly any Liens or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps requested by the Debtors or the Reorganized Debtors that are necessary or desirable to record or effectuate the cancellation or extinguishment of such Liens or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

Definitions Related to the Debtors Release and the Release by Holders of Claims and Interests:

Under the Plan, "***Exculpated Parties***" means to the fullest extent permitted by law, the Debtors.

11

Under the Plan, "***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

Under the Plan, "***Released Parties***" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors,  (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

Under the Plan, "***Releasing Parties***" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided*, *that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3</u> of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3</u> of the Plan, either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

<div style="border:1px solid black; padding:8px;">

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES AND TO PROVIDE YOU WITH THE ATTACHED RELEASE OPT-OUT FORM WITH RESPECT TO THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS PROVIDED IN THE PLAN. IF YOU HAVE ANY QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING

</div>

AGENT AT CUTERA, INC., C/O KURTZMAN CARSON CONSULTANTS, INC. D/B/A VERITA GLOBAL, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, VIA E-MAIL AT CUTERAINFO@VERITAGLOBAL.COM (WITH "CUTERA SOLICITATION INQUIRY" IN THE SUBJECT LINE), OR BY CALLING THE DEBTORS' RESTRUCTURING HOTLINE AT (888) 788-0109 (U.S./CANADA, TOLL-FREE) OR +1 (781) 575-2045 (INTERNATIONAL, TOLL) AND REQUESTING TO HAVE A MEMBER OF THE SOLICITATION TEAM CONTACT YOU.

Dated:  [●], 2025
      Houston, Texas

*/s/ Draft*_____

**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Catherine A. Rankin (Texas Bar No. 24066008)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
       pguffy@hunton.com
       catherinerankin@hunton.com

 -and-

**ROPES & GRAY LLP**
Ryan Preston Dahl (*pro hac vice* admission pending)
Conor P. McNamara (*pro hac vice* admission pending)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email: ryan.dahl@ropesgray.com
       conor.mcnamara@ropesgray.com

 -and-

**ROPES & GRAY LLP**
Natasha S. Hwangpo (*pro hac vice* admission pending)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  natasha.hwangpo@ropesgray.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT E-1

**General Opt-Out Form**

## RELEASE OPT-OUT FORM

You are receiving this opt-out form (the "Opt-Out Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time, the "Plan"). **Except as otherwise set forth in the Plan Holders of Claims and Interests are deemed to grant the release set forth in <u>Section 9.3(b)</u> (the "<u>Release by Holders of Claims and Interests</u>"), unless a Holder affirmatively opts out or timely objects to the Release by Holders of Claims and Interests as described below. Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan. Specifically, your recovery under the Plan will be the same if you opt out.**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU OBJECT TO THE RELEASES IN THE PLAN OR CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY KURTZMAN CARSON CONSULTANTS, LLC D/B/A VERITA GLOBAL (THE "<u>CLAIMS AND NOTICING AGENT</u>") ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON APRIL 9, 2025 (THE "<u>OPT-OUT DEADLINE</u>").**

If you believe you have received this Opt-Out Form in error, please contact the Claims and Noticing Agent immediately by calling (888) 788-0109 (U.S./Canada, Toll-Free) or +1 (781) 575-2045 (International, Toll) and requesting to have a member of the Solicitation Team contact you, or sending an email to cuterainfo@veritaglobal.com (with "Cutera Solicitation Inquiry" in the subject line).

Before completing this Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Opt-Out Form" carefully to ensure that you complete, execute, and return this Opt-Out Form properly.

<u>Item 1</u>.        **Releases.**

AS A HOLDER OF A CLAIM OR INTEREST YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND DEEMED TO PROVIDE THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN **SECTION 9.3**. YOU MAY, HOWEVER, CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN **SECTION 9.3**. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN **ONLY** IF YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN **SECTION 9.3** AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION

OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS IS AT YOUR OPTION.

**Important Information Regarding Releases under the Plan**.[1]

Section 9.3(a) of the Plan provides for releases by the Debtors (the "Debtors Release"):

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS**

---

[1]  The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

**BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES; _PROVIDED_ HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS <u>SECTION 9.3</u>, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS**

**SECTION 9.3** **MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED NIQUETTE V. HARRIS ET AL., CASE NO. 1:23-CV-01371 (DE).**

Section 9.3(b) of the Plan provides for a release by the Releasing Parties (the "Release by Holders of Claims and Interests"):

NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL

4

**ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH PARTY OR ANY OF ITS RELATED PARTIES.**

Section 9.4 of the Plan provides for an exculpation of certain parties (the "Exculpation"):

WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN **SECTION 9.3** OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.  THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND

6

ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.

Section 9.5 of the Plan establishes an injunction (the "Injunction"):

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY

ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN.  NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY.  AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.

8

**THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.**

<u>Section 9.7</u> of the Plan provides for a Release of Liens:

Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to this Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates (other than Liens securing the DIP Facility, which Liens shall be retained by the DIP Agent to secure the Exit Facility and any remaining obligations under the DIP Facility) shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to this Plan, or any agent for such Holder, has filed or recorded publicly any Liens or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps requested by the Debtors or the Reorganized Debtors that are necessary or desirable to record or effectuate the cancellation or extinguishment of such Liens or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

Definitions Related to the Debtors Release and the Release by Holders of Claims and Interests:

Under the Plan, "***Exculpated Parties***" means to the fullest extent permitted by law, the Debtors.

Under the Plan, "***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

Under the Plan, "***Released Parties***" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors, (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the

foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

Under the Plan, "***Releasing Parties***" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided*, *that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3</u> of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3</u> of the Plan, either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

<u>**Item 2**</u>.  **Optional Release by Holders of Claims and Interests.**

<table><tr><td>☐</td><td>**BY CHECKING THIS BOX, YOU ELECT TO <u>OPT-OUT</u> OF THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS IN <u>SECTION 9.3(b)</u> OF THE PLAN.**</td></tr></table>

<u>**Item 3**</u>.  **Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

    a.    that, as of March 3, 2025, the undersigned is either: (i) the Holder of a Claim or an Interest or (ii) an authorized signatory for an Entity or Person that is the Holder of a Claim or an Interest;

    b.    that the Holder has received a copy of the Notice of Non-Voting Status and this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

    c.    that the undersigned has made the same election with respect to all Claims or Interests held by the undersigned; and

    d.    that no other Opt-Out Form has been cast with respect to the Holder's Claims or Interests, or, if any other Opt-Out Forms have been cast with respect to such Claims or Interests, such Opt-Out Forms are hereby revoked.

YOUR RECEIPT OF THIS OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | |
| Signature: | |
| Signatory Name (if other than the Holder): | |
| Title: | |
| Address: | |
| Email Address: | |
| Date Completed: | |

| |
|---|
| **IF YOU WISH TO OPT OUT, PLEASE COMPELTE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW:** |
| **By First Class Mail, Hand Delivery, or Overnight Mail:** |
| Cutera, Inc. Ballot Processing Center<br>c/o Kurtzman Carson Consultants, LLC. d/b/a Verita Global<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245<br><br>To arrange hand delivery of your Opt-Out Form, please email the Claims and Noticing Agent at cuterainfo@veritaglobal.com (with "Cutera Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Verita address above and provide the anticipated date and time of delivery. |
| **By Electronic, Online Submission:** |
| Please visit https://www.veritaglobal.net/cutera. Click on the "Submit E-Ballot" section of the Debtors' website and follow the directions to submit the electronic version of your Opt-Out Form. If you choose to submit your Opt-Out Form via Verita Global's E-Ballot Portal, you should not also return a hard copy of your Opt-Out Form.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit the electronic version of your Opt-Out Form:<br><br>Unique E-Opt-Out ID#: _____<br><br>The E-Ballot Portal is the sole manner in which this Opt-Out Form will be accepted via electronic or online transmission. Opt-Out Forms submitted by facsimile or email will not be counted. |

## INSTRUCTIONS FOR COMPLETING THIS FORM

1.  Capitalized terms used in the Opt-Out Form or in these instructions (the "**Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.  To ensure that your election to opt-out is counted, you must complete the Opt-Out Form and take the following steps: (a) clearly indicate your decision to "opt-out" of the Releases set forth in the Plan in <u>Item 1</u> above; (b) make sure that the information required by <u>Item 2</u> above has been correctly inserted; and (c) sign, date and return an original of your Opt-Out Form in accordance with paragraph 3 directly below.

3.  **Return of Opt-Out Form:** Your Opt-Out Form MUST be returned to the Claims and Noticing Agent so as to be **actually received** by the Claims and Noticing Agent on or before the Opt-Out Deadline, which is **4:00 p.m., (prevailing Central Time), on April 9, 2025**.

4.  If an Opt-Out Form is received by the Claims and Noticing Agent after the Opt-Out Deadline, it will not be effective.  Additionally, the following Opt-Out Forms will **NOT** be counted:

    a.   any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

    b.   any Opt-Out Form cast by or on behalf of an Entity that is not entitled to opt-out of the Release by Holders of Claims and Interests;

    c.   any Opt-Out Form sent to the any party other than the Claims and Noticing Agent;

    d.   any Opt-Out Form transmitted by facsimile or email;

    e.   any unsigned Opt-Out Form; or

    f.   any Opt-Out Form not completed in accordance with the procedures approved in the Scheduling Order and described herein.

5.  The method of delivery of Opt-Out Forms to the Claims and Noticing Agent is at the election and risk of each Holder of a Claim or Interest.   Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Claims and Noticing Agent **actually receives** the executed Opt-Out Form.   Holders should allow sufficient time to assure timely delivery.

6.  If multiple Opt-Out Forms are received from the same Holder with respect to the same Claim or Interest prior to the Opt-Out Deadline, the last Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.  The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Release by Holders of Claims and Interests.   Accordingly, at this time, Holders of Claims or Interests should not surrender certificates or instruments

12

representing or evidencing their Claims or Interests, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

8.  The Opt-Out Form does **not** constitute, and shall not be deemed to be, (a) a proof of Claim, (b) proof of Interest, or (c) an assertion or admission of a Claim or Interest.

9.  **Please be sure to sign and date your Opt-Out Form**.  If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.   In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

### PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

**<u>EXHIBIT E-2</u>**

**Class 7 Equity Street Holder Opt-Out Form**

## RELEASE OPT-OUT FORM

You are receiving this opt-out form (the "<u>Opt-Out Form</u>") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* (as amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>").  **Except as otherwise set forth in the Plan Holders of Claims and Interests are deemed to grant the release set forth in <u>Section 9.3(b)</u> (the "<u>Release by Holders of Claims and Interests</u>"), unless a Holder affirmatively opts out or timely objects to the Release by Holders of Claims and Interests as described below.  Please be advised that your decision to opt out <u>does not</u> affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out.**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS OPT-OUT FORM CAREFULLY **BEFORE** COMPLETING THIS OPT-OUT FORM.

**UNLESS YOU OBJECT TO THE RELEASES IN THE PLAN OR CHECK THE BOX ON THIS OPT-OUT FORM BELOW AND FOLLOW ALL INSTRUCTIONS, YOU WILL BE HELD TO FOREVER RELEASE THE RELEASED PARTIES IN ACCORDANCE WITH THE PLAN.**

**THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY KURTZMAN CARSON CONSULTANTS, LLC D/B/A VERITA GLOBAL (THE "<u>CLAIMS AND NOTICING AGENT</u>") ON OR BEFORE 4:00 P.M. PREVAILING CENTRAL TIME ON APRIL 9, 2025 (THE "<u>OPT-OUT DEADLINE</u>").**

If you believe you have received this Opt-Out Form in error, please contact the Claims and Noticing Agent immediately by calling (888) 788-0109 (U.S./Canada, Toll-Free) or +1 (781) 575-2045 (International, Toll) and requesting to have a member of the Solicitation Team contact you, or sending an email to cuterainfo@veritaglobal.com (with "Cutera Solicitation Inquiry" in the subject line).

Before completing this Opt-Out Form, please read and follow the enclosed "Instructions for Completing this Opt-Out Form" carefully to ensure that you complete, execute, and return this Opt-Out Form properly.

<u>Item 1</u>.        **Releases.**

AS A HOLDER OF A CLAIM OR INTEREST YOU WILL BE A "RELEASING PARTY" UNDER THE PLAN AND DEEMED TO PROVIDE THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS CONTAINED IN **SECTION 9.3**.  YOU MAY, HOWEVER, CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN **SECTION 9.3**.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN **ONLY** IF YOU (A) CHECK THE BOX BELOW AND SUBMIT THE OPT-OUT FORM BY THE OPT-OUT DEADLINE OR (B) TIMELY OBJECT TO THE RELEASES CONTAINED IN **SECTION 9.3** AND SUCH OBJECTION IS NOT RESOLVED BEFORE CONFIRMATION

OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS IS AT YOUR OPTION.

**Important Information Regarding Releases under the Plan.**[1]

Section 9.3(a) of the Plan provides for releases by the Debtors (the "Debtors Release"):

**NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN AND THE CONTRIBUTIONS OF THE RELEASED PARTIES TO FACILITATE AND IMPLEMENT THE PLAN, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES ARE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED AND DISCHARGED BY AND ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, AND THEIR ESTATES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE THAT THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, OR THEIR AFFILIATES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS**

---

[1]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

**BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE DEBTORS RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, ANY SUCH RELEASES GIVEN BY THE DEBTORS WILL BE NULL AND VOID AGAINST SUCH PARTY AND ITS RELATED PARTIES; *PROVIDED* HOWEVER, THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS <u>SECTION 9.3</u>, UPON THE RECOMMENDATION OF THE SPECIAL COMMITTEE OF CUTERA, INC., THE RELEASES SET FORTH IN THIS**

**SECTION 9.3** **MAY INCLUDE RELEASES IN FAVOR OF ANY RELEASED PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING THOSE THAT ARE PROPOSED TO BE RELEASED HEREIN BY THE DEBTORS, INCLUDING THOSE IN THE ACTION STYLED _NIQUETTE V. HARRIS ET AL._, CASE NO. 1:23-CV-01371 (DE).**

Section 9.3(b) of the Plan provides for a release by the Releasing Parties (the "Release by Holders of Claims and Interests"):

NOTWITHSTANDING ANYTHING CONTAINED IN THIS PLAN TO THE CONTRARY, AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT TO ENFORCE THE PLAN, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR IN THE CONFIRMATION ORDER, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AS SUCH LAW MAY BE EXTENDED OR INTEGRATED AFTER THE EFFECTIVE DATE, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER, RELEASED, AND DISCHARGED THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, AND THE RELEASED PARTIES, IN EACH CASE ON BEHALF OF THEMSELVES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, REPRESENTATIVES, AND ANY AND ALL OTHER PERSONS THAT MAY PURPORT TO ASSERT ANY CAUSE OF ACTION DERIVATIVELY, BY OR THROUGH THE FOREGOING PERSONS, FROM ANY AND ALL CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS OR CAUSES OF ACTION ASSERTED OR THAT MAY BE ASSERTED ON BEHALF OF THE DEBTORS OR THEIR ESTATES, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST, WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURE OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE, INCLUDING ANY CLAIMS OR CAUSES OF ACTION BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE CHAPTER 11 CASES, THE DEBTORS, ANY RESTRUCTURING TRANSACTION, THE GOVERNANCE, MANAGEMENT, TRANSACTIONS, OWNERSHIP, OR OPERATION OF THE DEBTORS, THE PURCHASE, SALE OR RESCISSION OF ANY SECURITY OF OR CLAIM AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL

**ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, EXECUTION, FILING, SOLICITATION, ENTRY INTO, AND/OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, OR ANY RELATED CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT (INCLUDING ANY LEGAL OPINION REQUESTED BY ANY ENTITY REGARDING ANY TRANSACTION, CONTRACT, INSTRUMENT, DOCUMENT, OR OTHER AGREEMENT CONTEMPLATED BY THE PLAN OR THE RELIANCE BY ANY RELEASED PARTY ON THE PLAN OR CONFIRMATION ORDER IN LIEU OF SUCH LEGAL OPINION) CREATED OR ENTERED INTO IN CONNECTION WITH THE FOREGOING, THE PURSUIT OF CONFIRMATION AND CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN OR CONFIRMATION ORDER, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE REORGANIZED COMMON EQUITY), OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN, OR ANY OTHER AGREEMENT, ACT OR OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH IN THIS <u>SECTION 9.3</u> SHALL NOT BE CONSTRUED AS (I) RELEASING ANY RELEASED PARTY FROM CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION JUDICIALLY DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD (PROVIDED THAT FRAUD SHALL NOT EXEMPT FROM THE SCOPE OF THESE RELEASES ANY CLAIMS OR CAUSES OF ACTION ARISING UNDER SECTIONS 544 OR 548 OF THE BANKRUPTCY CODE OR STATE LAWS GOVERNING FRAUDULENT OR OTHERWISE AVOIDABLE TRANSFERS OR CONVEYANCES), GROSS NEGLIGENCE, RECKLESSNESS OR WILLFUL MISCONDUCT, (II) RELEASING ANY CONTRACTUAL, POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, THE CONFIRMATION ORDER, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, OR (III) TO THE EXTENT THE SPECIAL COMMITTEE OF CUTERA, INC. DETERMINES TO RECOMMEND THAT ANY DEBTOR SHOULD NOT GRANT RELEASES IN FAVOR OF ANY PARTY WITH RESPECT TO ANY CLAIMS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, ANY SUCH RELEASES GIVEN BY THE CONSENTING SENIOR NOTEHOLDERS WILL BE NULL AND VOID AND THE CONSENTING SENIOR NOTEHOLDERS WILL HAVE NO OBLIGATIONS TO OFFER OR CONSENT TO SUCH RELEASES OF SUCH PARTY OR ANY OF ITS RELATED PARTIES.**

Section 9.4 of the Plan provides for an exculpation of certain parties (the "Exculpation"):

WITHOUT AFFECTING OR LIMITING THE RELEASES SET FORTH IN **SECTION 9.3** OF THIS PLAN, AND NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, NO EXCULPATED PARTY SHALL HAVE OR INCUR LIABILITY FOR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE CHAPTER 11 CASES, THE PLAN, THE PLAN SUPPLEMENT, THE DISCLOSURE STATEMENT, THE RESTRUCTURING SUPPORT AGREEMENT, THE DIP FACILITY, DIP CREDIT AGREEMENT, EXIT FACILITY, THE EQUITY RIGHTS OFFERING AND EQUITY RIGHTS OFFERING DOCUMENTS, THE COMMON EQUITY CONVENIENCE BUYOUT AND COMMON EQUITY CONVENIENCE BUYOUT DOCUMENTS, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION OF ANY OF THE FOREGOING OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH ANY OF THE FOREGOING, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE SOLICITATION OF VOTES ON THE PLAN, OR PARTICIPATION IN THE COMMON EQUITY CONVENIENCE BUYOUT AND THE EQUITY RIGHTS OFFERING, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO THE FOREGOING, EXCEPT FOR CLAIMS OR CAUSES OF ACTION ARISING FROM AN ACT OR OMISSION THAT IS JUDICIALLY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED INTENTIONAL FRAUD, WILLFUL MISCONDUCT, OR GROSS NEGLIGENCE, BUT IN ALL RESPECTS, SUCH EXCULPATED PARTIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES.  THE EXCULPATED PARTIES HAVE, AND UPON COMPLETION OF THE PLAN, SHALL BE DEEMED TO HAVE, PARTICIPATED IN GOOD FAITH AND IN COMPLIANCE WITH THE APPLICABLE LAWS WITH REGARD TO THE SOLICITATION OF, VOTES AND DISTRIBUTION OF CONSIDERATION PURSUANT TO, THE PLAN AND, THEREFORE, ARE NOT, AND ON ACCOUNT OF SUCH DISTRIBUTIONS SHALL NOT BE, LIABLE AT ANY TIME FOR THE VIOLATION OF ANY APPLICABLE LAW, RULE, OR REGULATION GOVERNING THE SOLICITATION OF ACCEPTANCES OR REJECTIONS OF THE PLAN OR SUCH DISTRIBUTIONS MADE PURSUANT TO THE PLAN.  THIS EXCULPATION SHALL BE IN ADDITION TO, AND NOT IN LIMITATION OF, ALL OTHER RELEASES, INDEMNITIES, EXCULPATIONS, AND

6

ANY OTHER APPLICABLE LAWS, RULES, OR REGULATIONS PROTECTING SUCH EXCULPATED PARTIES FROM LIABILITY.

Section 9.5 of the Plan establishes an injunction (the "Injunction"):

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN. EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO SECTION 9.4 OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (II) ENFORCING, LEVYING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT ON OR BEFORE THE EFFECTIVE DATE EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING, CONDUCTING, OR CONTINUING IN ANY MANNER ANY

ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, INTERESTS, OR CAUSES OF ACTION RELEASED OR SETTLED PURSUANT TO THE PLAN.  NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED TO THE CHAPTER 11 CASES PRIOR TO THE EFFECTIVE DATE, WITHOUT REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY, WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST THE DEBTORS, REORGANIZED DEBTORS, OR RELEASED PARTY.  AT THE HEARING FOR THE BANKRUPTCY COURT TO DETERMINE WHETHER SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND, THE BANKRUPTCY COURT MAY, OR SHALL IF ANY DEBTOR, REORGANIZED DEBTOR, EXCULPATED PARTY, RELEASED PARTY, OR OTHER PARTY IN INTEREST REQUESTS BY MOTION (ORAL MOTION BEING SUFFICIENT), DIRECT THAT SUCH PERSON OR ENTITY SEEKING TO COMMENCE OR PURSUE SUCH CLAIM OR CAUSE OF ACTION FILE A PROPOSED COMPLAINT WITH THE BANKRUPTCY COURT EMBODYING SUCH CLAIM OR CAUSE OF ACTION, SUCH COMPLAINT SATISFYING THE APPLICABLE RULES OF FEDERAL PROCEDURE, INCLUDING, BUT NOT LIMITED TO, RULE 8 AND RULE 9 (AS APPLICABLE), WHICH THE BANKRUPTCY COURT SHALL ASSESS BEFORE MAKING A DETERMINATION. FOR THE AVOIDANCE OF DOUBT, ANY PARTY THAT OBTAINS SUCH DETERMINATION AND AUTHORIZATION AND SUBSEQUENTLY WISHES TO AMEND THE AUTHORIZED COMPLAINT OR PETITION TO ADD ANY CLAIMS OR CAUSES OF ACTION NOT EXPLICITLY INCLUDED IN THE AUTHORIZED COMPLAINT OR PETITION MUST OBTAIN AUTHORIZATION FROM THE BANKRUPTCY COURT BEFORE FILING ANY SUCH AMENDMENT IN THE COURT WHERE SUCH COMPLAINT OR PETITION IS PENDING.  THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE INJUNCTION DOES NOT ENJOIN ANY PARTY UNDER THIS PLAN, THE CONFIRMATION ORDER, OR UNDER ANY OTHER DEFINITIVE DOCUMENT OR OTHER DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER, FROM BRINGING AN ACTION TO ENFORCE THE TERMS OF THIS PLAN, THE CONFIRMATION ORDER, OR SUCH DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THIS PLAN OR THE CONFIRMATION ORDER.

8

**THE INJUNCTIONS IN THIS <u>SECTION 9.5</u> SHALL EXTEND TO ANY SUCCESSORS OF THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY AND INTERESTS IN PROPERTY.**

<u>Section 9.7</u> of the Plan provides for a Release of Liens:

Except as otherwise provided herein or in any contract, instrument, release, or other agreement or document created pursuant to this Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to this Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates (other than Liens securing the DIP Facility, which Liens shall be retained by the DIP Agent to secure the Exit Facility and any remaining obligations under the DIP Facility) shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

To the extent that any Holder of a Secured Claim that has been satisfied or discharged in full pursuant to this Plan, or any agent for such Holder, has filed or recorded publicly any Liens or security interests to secure such Holder's Secured Claim, then as soon as practicable on or after the Effective Date, such Holder (or the agent for such Holder) shall take any and all steps requested by the Debtors or the Reorganized Debtors that are necessary or desirable to record or effectuate the cancellation or extinguishment of such Liens or security interests, including the making of any applicable filings or recordings, and the Reorganized Debtors shall be entitled to make any such filings or recordings on such Holder's behalf.

Definitions Related to the Debtors Release and the Release by Holders of Claims and Interests:

Under the Plan, "***Exculpated Parties***" means to the fullest extent permitted by law, the Debtors.

Under the Plan, "***Related Parties***" means, to the fullest extent permitted by law, with respect to any Entity, such Entity's predecessors, successors, assigns, and affiliates (whether by operation of Law or otherwise) and subsidiaries, and each of their respective managed accounts or funds or investment vehicles, and each of their respective current and former equity holders (regardless of whether such equity interests are held directly or indirectly), officers, directors, managers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, management companies, fund advisors, direct and indirect parent Entities, "controlling persons" (within the meaning of the federal securities law), heirs, administrators and executors, and other professionals, in each case acting in such capacity whether current or former, including in their capacity as directors of the Company, as applicable.

Under the Plan, "***Released Parties***" means, collectively, (a)(i) the Company, (ii) the Reorganized Debtors,  (iii) the Trustee, (iv) the DIP Lenders, (v) the DIP Agent, (vi) each Holder of a Senior Notes Claim that votes to accept the Plan, and does not affirmatively opt out of, or timely object to, the releases set forth in <u>Section 9.3</u> of the Plan, and (vii) the Ad Hoc Committee of Consenting Senior Noteholders and each member thereof; (b) with respect to each of the

9

foregoing Entities and Persons in clause (a), all of their respective Related Parties to the maximum extent permitted by law; *provided*, that any Entity or Person that affirmatively opts out of, or timely objects either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not resolved or withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation shall not be deemed a Released Party.

Under the Plan, "***Releasing Parties***" means, collectively, each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (ii) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iii) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan, (iv) all Holders of Claims or Interests who abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan; (v) each Released Party, (vi) each Related Party to each Entity in clause (i) through (v) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (i) through (v); *provided*, *that*, in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases set forth in <u>Section 9.3</u> of the Plan; or (y) timely objects to the releases set forth in <u>Section 9.3</u> of the Plan, either through (1) a formal objection Filed on the docket of the Chapter 11 Cases or (2) an informal objection provided to the Debtors by electronic mail, and such objection is not withdrawn on the docket of the Chapter 11 Cases or via electronic mail, as applicable, before Confirmation.

<u>Item 2</u>.  **Optional Release by Holders of Claims and Interests.**

> ☐  **BY CHECKING THIS BOX, YOU ELECT TO <u>OPT-OUT</u> OF THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS IN <u>SECTION 9.3(b)</u> OF THE PLAN.**

<u>Item 3</u>.  **Certifications.**

By signing this Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

a.  that, as of **March 3, 2025**, the undersigned is either: (i) the Holder of a Claim or an Interest or (ii) an authorized signatory for an Entity or Person that is the Holder of a Claim or an Interest;

b.  that the Holder has received a copy of the Notice of Non-Voting Status and this Opt-Out Form is made pursuant to the terms and conditions set forth therein;

c.  that the undersigned has made the same election with respect to all Claims or Interests held by the undersigned; and

d.  that no other Opt-Out Form has been cast with respect to the Holder's Claims or Interests, or, if any other Opt-Out Forms have been cast with respect to such Claims or Interests, such Opt-Out Forms are hereby revoked.

YOUR RECEIPT OF THIS OPT-OUT FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.

| | |
|---|---|
| Name of Holder: | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

| |
|---|
| **IF YOU WISH TO OPT OUT, PLEASE COMPELTE, SIGN, AND DATE THIS OPT-OUT FORM AND RETURN PROMPTLY VIA ONE OF THE METHODS BELOW:** |
| **By First Class Mail, Hand Delivery, or Overnight Mail:** |
| Cutera, Inc. Ballot Processing Center<br>c/o Kurtzman Carson Consultants, LLC. d/b/a Verita Global<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245<br><br>To arrange hand delivery of your Opt-Out Form, please email the Claims and Noticing Agent at cuterainfo@veritaglobal.com (with "Cutera Ballot Delivery" in the subject line) at least 24 hours prior to your arrival at the Verita address above and provide the anticipated date and time of delivery. |
| **By Electronic, Online Submission:** |
| Please visit https://www.veritaglobal.net/cutera.  Click on the "Submit Class 7 Interest Opt-Out" section of the Debtors' website and follow the directions to submit the electronic version of your Opt-Out Form.  If you choose to submit your Opt-Out Form via Verita Global's website, you should not also return a hard copy of your Opt-Out Form.<br><br>IMPORTANT NOTE:  You will need the following password to retrieve and submit the electronic version of your Opt-Out Form:<br><br>Password: _____<br><br>This website is the sole manner in which this Opt-Out Form will be accepted via electronic or online transmission.  Opt-Out Forms submitted by facsimile or email will not be counted. |

## INSTRUCTIONS FOR COMPLETING THIS FORM

1.    Capitalized terms used in the Opt-Out Form or in these instructions (the "**Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan.

2.    To ensure that your election to opt-out is counted, you must complete the Opt-Out Form and take the following steps: (a) clearly indicate your decision to "opt-out" of the Releases set forth in the Plan in <u>Item 1</u> above; (b) make sure that the information required by <u>Item 2</u> above has been correctly inserted; and (c) sign, date and return an original of your Opt-Out Form in accordance with paragraph 3 directly below.

3.    **Return of Opt-Out Form:** Your Opt-Out Form MUST be returned to the Claims and Noticing Agent so as to be **actually received** by the Claims and Noticing Agent on or before the Opt-Out Deadline, which is **4:00 p.m., (prevailing Central Time), on April 9, 2025**.

4.    If an Opt-Out Form is received by the Claims and Noticing Agent after the Opt-Out Deadline, it will not be effective. Additionally, the following Opt-Out Forms will **NOT** be counted:

       a.    any Opt-Out Form that is illegible or contains insufficient information to permit the identification of the Holder of the Claim or Interest;

       b.    any Opt-Out Form cast by or on behalf of an Entity that is not entitled to opt-out of the Release by Holders of Claims and Interests;

       c.    any Opt-Out Form sent to the any party other than the Claims and Noticing Agent;

       d.    any Opt-Out Form transmitted by facsimile or email;

       e.    any unsigned Opt-Out Form; or

       f.    any Opt-Out Form not completed in accordance with the procedures approved in the Scheduling Order and described herein.

5.    The method of delivery of Opt-Out Forms to the Claims and Noticing Agent is at the election and risk of each Holder of a Claim or Interest. Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Claims and Noticing Agent **actually receives** the executed Opt-Out Form. Holders should allow sufficient time to assure timely delivery.

6.    If multiple Opt-Out Forms are received from the same Holder with respect to the same Claim or Interest prior to the Opt-Out Deadline, the last Opt-Out Form timely received will supersede and revoke any earlier received Opt-Out Forms.

7.    The Opt-Out Form is not a letter of transmittal and may not be used for any purpose other than to opt-out of the Release by Holders of Claims and Interests. Accordingly, at this time, Holders of Claims or Interests should not surrender certificates or instruments representing

or evidencing their Claims or Interests, and neither the Debtors nor the Claims and Noticing Agent will accept delivery of any such certificates or instruments surrendered together with an Opt-Out Form.

8. The Opt-Out Form does **not** constitute, and shall not be deemed to be, (a) a proof of Claim, (b) proof of Interest, or (c) an assertion or admission of a Claim or Interest.

9. **Please be sure to sign and date your Opt-Out Form**. If you are signing an Opt-Out Form in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.   In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Opt-Out Form.

## PLEASE RETURN YOUR OPT-OUT FORM PROMPTLY

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE DOCUMENTS MAILED HEREWITH.

United States Bankruptcy Court
Southern District of Texas

In re:                                                                Case No. 25-90088-arp

Cutera, Inc.                                                          Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4                        User: ADIuser                              Page 1 of 2
Date Rcvd: Mar 06, 2025                      Form ID: pdf002                           Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
        regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 08, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cutera, Inc., 3240 Bayshore Blvd., Brisbane, CA 94005-1021 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| op | + | Email/Text: kccnoticing@kccllc.com | Mar 06 2025 20:20:00 | Kurtzman Carson Consultants, LLC d/b/a Verita Glob, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245-5614 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Ad Hoc Noteholder Committee |
| cr | | Wilmington Savings Fund Society, FSB |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2025                      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 6, 2025 at the address(es) listed
below:**

| Name | Email Address |
|---|---|
| Catherine Allyn Rankin | on behalf of Debtor Cutera  Inc. crankin@huntonak.com |
| Evan Gershbein | |

on behalf of Other Prof. Kurtzman Carson Consultants  LLC d/b/a Verita Global ECFpleadings@kccllc.com,
ECFpleadings@kccllc.com

John F Higgins, IV

on behalf of Interested Party Ad Hoc Noteholder Committee jhiggins@porterhedges.com
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

Marcus Alan Helt

on behalf of Creditor Wilmington Savings Fund Society  FSB mhelt@mwe.com,
marcus-helt-5389@ecf.pacerpro.com;jbishopjones@mwe.com;jacqueline-bishop-jones-0301@ecf.pacerpro.com;dnorthrop@mwe
.com

Philip M. Guffy

on behalf of Debtor Cutera  Inc. pguffy@huntonak.com

Timothy Alvin Davidson, II

on behalf of Debtor Cutera  Inc. taddavidson@andrewskurth.com

Timothy Alvin Davidson, II

on behalf of Debtor Crystal Sub  LLC taddavidson@andrewskurth.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Vianey Garza

on behalf of U.S. Trustee US Trustee vianey.garza@usdoj.gov


TOTAL: 9