United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 08, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc. *et al.*,[1] | Case No. 25-90088 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY
CAPITAL, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER TO THE
DEBTORS AND DEBTORS IN POSSESSION AS OF THE PETITION DATE**
[Relates to Docket No. 134]

Upon consideration of the application (the "Application")[2] of the above-captioned debtors

and debtors in possession (the "Debtors") for entry of an order (this "Order") pursuant to sections

327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, Bankruptcy Local

Rules 2014-1 and 2016-1, and the Complex Case Procedures, authorizing the employment and

retention of Houlihan Lokey Capital, Inc. ("Houlihan Lokey") as its financial advisor and

investment banker pursuant to the terms of that certain *Engagement Agreement*, dated as of

February 19, 2025 (the "Engagement Agreement"), a copy of which is attached hereto as

**Exhibit 1**; and the Court having considered the Application and the Braun Declaration and having

considered the statements of counsel and the evidence adduced with respect to the Application at

a hearing before the Court (the "Hearing"); and the Court finding that (A) the terms and conditions

of Houlihan Lokey's employment set forth in the Engagement Agreement (including the Fee and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339). The Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Agreement, as applicable.

1

Expense Structure) as modified by this Order, are reasonable as required by section 328(a) of the Bankruptcy Code; (B) Houlihan Lokey (i) does not hold or represent an interest adverse to the interest of the estate; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (C) the Application and the Braun Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules; (D) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (E) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and employ Houlihan Lokey as their financial advisor and investment banker pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Bankruptcy Local Rule 2014-1, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in the Engagement Agreement and the Application, and are directed to perform their obligations set forth therein, except as expressly modified herein.

2.      None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

3.      The compensation, fees, and expenses payable to Houlihan Lokey pursuant to the Engagement Agreement, together with the indemnification, reimbursement of expenses, and contribution obligations owed to Houlihan Lokey and any other HL Party (as defined in the Engagement Agreement) under the Engagement Agreement, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not

be subject to the standard of review set forth in section 330 of the Bankruptcy Code or any other standard of review.

4.      Notwithstanding the preceding paragraph or anything to the contrary in this Order, the U.S. Trustee and the Court shall retain the right to object to the compensation, fees, and expenses to be paid to Houlihan Lokey pursuant to the Application and the Engagement Agreement, including the Monthly Fee and the Transaction Fee, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Houlihan Lokey's compensation, fees, and expenses under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or such record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's fees.

5.      The Debtors are authorized to compensate and reimburse Houlihan Lokey pursuant to the terms of the Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable orders of this Court.

6.      In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from: (i) any requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a) and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals.  Instead, notwithstanding that Houlihan Lokey does

not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Debtors, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

7. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, the HL Parties for any claims arising from, related to, or in connection with the services to be provided by Houlihan Lokey as specified in the Application, but not for any claim arising from, related to, or in connection with Houlihan Lokey's post-petition performance of any other services (other than those in connection with the engagement), unless such post-petition services and indemnification therefor are approved by this Court;

b. The Debtors shall have no obligation to indemnify any HL Party, or provide contribution or reimbursement to any HL Party, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from such HL Party's bad faith, gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of such HL Party's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which such HL Party is not entitled to receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; and

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any HL Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such HL Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to such HL Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for fees and expenses by HL Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify the HL Parties.

8.      Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Agreement.

9.      Notwithstanding anything in the Application or the Engagement Agreement to the contrary, to the extent Houlihan Lokey retains the services of subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these chapter 11 cases to conduct certain of its investment banking services under the Engagement Agreement in its stead and Houlihan Lokey seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Houlihan Lokey shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Houlihan Lokey pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; and (c) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014.

10.      Houlihan Lokey will review its files periodically through these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Houlihan Lokey will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

11.      Houlihan Lokey shall waive any claim for unreimbursed prepetition expenses that exceeds amounts paid to Houlihan Lokey prepetition.

12.      Houlihan Lokey will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

13.     In the event that, during the pendency of this case, Houlihan Lokey seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's fee applications and such invoices and time records shall be in compliance with the Bankruptcy Local Rules, and subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorney's services satisfy Bankruptcy Code section 330(a)(3)(C).

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

16.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

17.     To the extent that this Order is inconsistent with the Engagement Agreement, the terms of this Order shall govern.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April 08, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge