**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc., *et al.*,[1] | Case No. 25-90088 (ARP) |
| Reorganized Debtors. | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF**
**FINAL DECREE CLOSING THE CHAPTER 11 CASES**

> **If you object to the relief requested, you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed.  If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned reorganized debtors (collectively, the "Debtors" or "Reorganized Debtors," as applicable) respectfully state the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.      The Reorganized Debtors request entry of a final decree, substantially in the form attached hereto (the "Final Decree"), closing all of the Reorganized Debtors' Chapter 11 Cases and granting related relief.

**JURISDICTION AND VENUE**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core

---

[1]     The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339).  The Reorganized Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested in this Motion are section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

5.       On March 5, 2025 (the "Petition Date"), the Debtors (i) filed voluntary petitions for relief in this Court commencing cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") and (ii) filed the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* [Docket No. 6] and the *Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtors* [Docket No. 7] (as modified, amended, or supplemented, the "Plan").

6.       The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Taylor Harris, Chief Executive Officer of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration").

7.       On the Petition Date, the Court entered an order [Docket No. 30] pursuant to Bankruptcy Rule 1015(b) ordering joint administration of these Chapter 11 Cases and consolidation for procedural purposes only.  The Reorganized Debtors' Chapter 11 Cases are as follows:

- Cutera, Inc., Case No. 25-90088
- Crystal Sub, LLC, Case No. 25-90087

8.      On April 16, 2025, the Court entered the *Order (I) Approving Debtors' Disclosure Statement and (II) Confirming the Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and its Affiliated Debtor* [Docket No. 237] (the "<u>Confirmation Order</u>") confirming the Plan.

9.      On May 1, 2025, the Plan was substantially consummated and the Effective Date (as defined in the Plan) occurred.  *See Notice of (I) Entry of Confirmation Order and (II) Occurrence of Effective Date* [Docket No. 256].

10.     Pursuant to the Confirmation Order and the Plan, on June 24, 2025, each of the professionals retained during the Chapter 11 Cases timely filed their respective first and final fee application (collectively, the "<u>Fee Applications</u>") [Docket Nos. 268, 269, 270, and 271].

11.     Since the Petition Date, certain parties filed proofs of claim against the Debtors. As of the date hereof, the Reorganized Debtors believe that all of these claims, to the extent allowed, (a) have received treatment in accordance with the Plan, (b) been withdrawn, or (c) were left unaltered by the bankruptcy.

12.     To the extent parties have claims that were not addressed through the Plan, such claims shall not be extinguished, but rather shall ride through the bankruptcy (*see, e.g.*, Plan § 3.3(d)), and the Reorganized Debtors shall address such claims in the ordinary course, as set forth in section Article VII of the Plan.  Specifically, pursuant to Section 7.1 of the Plan, "[t]he amount and validity of any disputed, contingent or unliquidated Claim shall be determined, resolved or adjudicated, as the case may be, in the manner in which such Claim would have been determined, resolved or adjudicated if the Chapter 11 Cases had not been commenced."  *See* Plan, § 7.1(a).

3

13.     Parties are not prejudiced by this approach, and any party that filed a proof of claim retains all of its rights to address such claim under applicable law.  Further, the Reorganized Debtors reserve all rights to dispute any asserted claims, and the failure of the Reorganized Debtors to object to any claim filed in these Chapter 11 Cases shall not cause such claim to be deemed allowed.

**BASIS FOR RELIEF**

14.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.

15.     The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.  *In re JCP Props. Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015) (citing *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *1 (Bankr. D. Del. June 24, 2005)).  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

DMS 351638692

f.   whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).   Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'"   *See, e.g.*, *JCP Props.*, 540 B.R. at 605 (observing that factors (3)-(5) correspond "to whether substantial consummation" of the chapter 11 plan has been achieved); *In re Valence Tech., Inc.*, No. 12-11580-CAG, 2014 WL 5320632, at *1 (Bankr. W.D. Tex. Oct. 17, 2014); *SLI, Inc.*, 2005 WL 1668396, at *2; *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).

16.     Not all of the factors need to be present for the Court to enter a final decree.   *See Valence Tech.*, 2014 WL 5320632, at *3 (noting that the six Advisory Committee Note factors "are not exhaustive nor must all six be present to establish that a case should be closed") (citing cases).

17.     In addition to weighing the six factors contained in the Advisory Committee Note for purposes of determining whether a case has been fully administered, courts also consider whether the plan has been substantially consummated.   *See JCP Props.*, 540 B.R. at 605 (noting that "substantial consummation is the pivotal question here to determine the propriety of closing the . . . case by Final Decree.").   Section 1101(2) of the Bankruptcy Code defines "substantial consummation" as the: (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan.   11 U.S.C. § 1102(2).

18.     Here, the foregoing factors weigh strongly in favor of closing all of the Chapter 11 Cases.   Taking each of the Advisory Committee Note factors in turn, (i) the Confirmation Order

DMS 351638692

is final, by virtue of the Confirmation Order entered on April 16, 2025, and the Effective Date has occurred; (ii) the Distributions and payments required under the Plan have been made or will be made, consistent with the anticipated timing under the Plan (which provides a mechanism for payment); (iii) property has vested in the Reorganized Debtors under the Plan and any property to be transferred pursuant to the Plan has been transferred; (iv) the Reorganized Debtors have assumed management and operation of the reorganized businesses; (v) the Reorganized Debtors have fully paid, have commenced paying, or anticipate on paying administrative and priority claims under the Plan, including to professionals pursuant to the Fee Applications once Court approved; and (f) no motions, proceedings, or contested matters are pending other than the Fee Applications.

19.     Moreover, the Plan is substantially consummated given all three elements under the Bankruptcy Code's definition of "substantial consummation" are met.  While the Reorganized Debtors acknowledge that certain parties filed proofs of claim in these Chapter 11 Cases, the Reorganized Debtors submit that such claims have either received treatment in accordance with the Plan and Confirmation Order or were left unaltered by the Chapter 11 Cases.[2]

20.     Additionally, business reasons exist that favor closing the Chapter 11 Cases. Specifically, until the Chapter 11 Cases are closed, the Reorganized Debtors will continue to pay fees required by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") and expend resources complying with various reporting requirements.  The Reorganized Debtors are in compliance with all relevant reporting requirements, but closing the

---

[2]     *See generally* Plan, Article VII providing procedures for resolving claims.  Further, Section 7.1 of the Plan expressly provides that "Holder of Claims should not, and shall not be required to file Proofs of Claim with the Bankruptcy Court."

Chapter 11 Cases will allow the Reorganized Debtors and their employees to better focus on running their ordinary course business affairs.

21.     Finally, entry of a final decree closing the Chapter 11 Cases will not adversely affect the substantive rights of any party in interest.  *See In re Clayton*, 101 F.3d 697, 1996 WL 661099, at *1 (5th Cir. 1996) ("[E]ntry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties involved in a Chapter 11 case.") (quoting *Greater Jacksonville Transp. Co. v. Willis (In re Greater Jacksonville Transp. Co.)*, 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994)); *see also In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010) (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of the case for recording keeping purposes.").

22.     Closing all of the Chapter 11 Cases is consistent with the confirmed Plan, which provides that "[a]fter an Estate has been fully administered, the Reorganized Debtors shall seek authority from the Bankruptcy Court to close the applicable Chapter 11 Case(s) in accordance with the Bankruptcy Code and Bankruptcy Rules."  Plan, Section 11.20.  Accordingly, for the reasons set forth above, closing all of the Chapter 11 Cases is appropriate.

*[Remainder of page intentionally left blank.]*

DMS 351638692

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter the Final Decree, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  June 24, 2025
Houston, Texas

/s/ Timothy A. ("Tad") Davidson II
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Catherine A. Rankin (TX Bar No. 24066008)
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: taddavidson@hunton.com
        pguffy@hunton.com
        catherinerankin@hunton.com

- and -

**ROPES & GRAY LLP**
Ryan Preston Dahl (admitted *pro hac vice*)
Conor P. McNamara (admitted *pro hac vice*)
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
Email:  ryan.dahl@ropesgray.com
        conor.mcnamara@ropesgray.com

**ROPES & GRAY LLP**
Natasha S. Hwangpo (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail:  natasha.hwangpo@ropesgray.com

*Co-Counsel to the Reorganized Debtors*

DMS 351638692

### Certificate of Service

I certify that on June 24, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ Timothy A. ("Tad") Davidson II
Timothy A. ("Tad") Davidson II