United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Cutera, Inc., *et al.*,[1] | Case No. 25-90088 (ARP) |
| Reorganized Debtors. | (Jointly Administered) |

**FINAL DECREE CLOSING THE CHAPTER 11 CASES**
[Relates to Docket No. 272]

Upon the motion (the "Motion")[2] of the Reorganized Debtors for entry of a final decree (this "Final Decree") closing all of the Chapter 11 Cases, all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and all objections, if any, to entry of this Order having been withdrawn, resolved, overruled; and upon the record herein; and after due deliberation thereon; the Court having determined that there is good and sufficient cause for the relief granted in the Order,

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: Cutera, Inc. (2262) and Crystal Sub, LLC (6339). The Reorganized Debtors' service address is 3240 Bayshore Boulevard, Brisbane, CA 94005.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

DMS 351638692

It is hereby **ORDERED THAT:**

1. The following Chapter 11 Cases are hereby closed; provided that this Court retains jurisdiction as provided in the Plan and Confirmation Order:

| Debtor | Case No. |
|---|---|
| Cutera, Inc. | 25-90088 |
| Crystal Sub, LLC | 25-90087 |

2. By no later than the later of (a) twenty-one (21) days after the date of entry of this Final Decree and (b) the date on which such post-confirmation report is otherwise due, the Reorganized Debtors shall file a post-confirmation quarterly report for the last period during which the Chapter 11 Cases remained open.

3. By no later than the later of (a) thirty (30) days after the date of entry of this Final Decree and (b) the date on which such quarterly fees are otherwise due, the Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) to the U.S. Trustee. This Court retains jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

4. Following the completion of the services identified in paragraph 5 below, Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") shall have no further obligations to this Court or any party in interest regarding the claims, noticing, and solicitation services in these Chapter 11 Cases.

5. Consistent with the *Order Authorizing the Employment and Retention of Kurtzman Carson Consultants, LLC dba Verita Global as Claims, Noticing, and Solicitation Agent* [Docket No. 32], Verita "shall deliver to the Clerk an electronic copy in pdf format of all proofs of claim. Once the electronic copy has been received by the Clerk, [Verita] may destroy all proofs

of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket."

6. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, to dispute, in the Bankruptcy Court or any applicable non-bankruptcy forum, any claims that were filed against the Reorganized Debtors in these Chapter 11 Cases as contemplated by the Plan and the Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors or any Entity authorized pursuant to the Plan, as applicable, to file an objection to any claim in the Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed against any Reorganized Debtor.

7. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

8. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed a waiver of the rights of the Reorganized Debtors or any Entity under the Plan.

9. Notwithstanding anything to the contrary in this Final Decree, all of the terms and conditions of this Final Decree shall be immediately effective and enforceable.

DMS 351638692

10. The Reorganized Debtors or any Entity authorized pursuant to the Plan, and their respective agents, are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Decree.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: July 20, 2025

Alfredo R Pérez
United States Bankruptcy Judge